UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- x
:
SECURITIES AND EXCHANGE :
COMMISSION, :
: Civil Action
: No.: 10-cv-3229 (BSJ) (MHD)
Plaintiff, :
: ELECTRONICALLY FILED
v. :
:
GOLDMAN, SACHS & CO. and :
FABRICE TOURRE, :
:
Defendants. :
---------------------------------------------------------------- x

# MEMORANDUM OF LAW OF FABRICE TOURRE IN SUPPORT OF HIS MOTION FOR JUDGMENT ON THE PLEADINGS

Pamela Rogers Chepiga
David C. Esseks
Andrew Rhys Davies
Brandon D. O'Neil

ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, New York  10020
(212) 610-6300

*Attorneys for Fabrice Tourre*

Dated: September 29, 2010
New York, New York

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................. 1

THE COMPLAINT .................................................................................................................. 1

STANDARD OF LAW ............................................................................................................ 2

ARGUMENT ............................................................................................................................ 3

    THE COMPLAINT DOES NOT STATE A CLAIM UNDER THE FEDERAL
    SECURITIES LAWS BECAUSE IT FAILS TO ALLEGE ANY SECURITIES
    TRANSACTION IN THE UNITED STATES ................................................................. 3

    A.    Under The Supreme Court's Decision In *Morrison,* The Antifraud Provisions Of
            The Federal Securities Laws Are Limited To Securities Transactions In The
            United States ............................................................................................................. 3

    B.    The Complaint Fails To State A Claim Under The Federal Securities Laws
            Because It Does Not Allege That Any ABACUS 2007-AC1 Securities
            Transaction Took Place In The United States .......................................................... 5

CONCLUSION ......................................................................................................................... 9

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
  129 S.Ct. 1937 (2009) ................................................................................................. 3, 5

*ATSI Communications, Inc. v. Shaar Fund, Ltd.*,
  493 F.3d 87 (2d Cir. 2007) ......................................................................................... 3, 7

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007) ........................................................................................................ 3

*Cedeño v. Intech Group, Inc.*,
  --- F. Supp. 2d ---, No. 09 Civ. 9716 (JSR), 2010 WL 3359468
  (S.D.N.Y. Aug. 25, 2010) ................................................................................................ 5

*Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*,
  511 U.S. 164 (1994) ........................................................................................................ 4

*Cornwell v. Credit Suisse Group*,
  --- F. Supp. 2d ---, No. 08 Civ. 3758 (VM), 2010 WL 3069597
  (S.D.N.Y. July 27, 2010) ................................................................................................. 6

*Europe and Overseas Commodity Traders, S.A. v. Banque Paribas London*,
  147 F.3d 118 (2d Cir. 1998) ........................................................................................ 4, 8

*Hayden v. Paterson*,
  594 F.3d 150 (2d Cir. 2010) ........................................................................................ 2, 3

*In re Alstom SA Securities Litigation*,
  No. 03 Civ. 6595 (VM), 2010 WL 3718863 (S.D.N.Y. Sept. 14, 2010) ...................... 6

*Morrison v. National Australia Bank Ltd.*,
  130 S.Ct. 2869 (2010) ............................................................................................passim

*Norex Petroleum Ltd. v. Access Industries, Inc.*, --- F.3d ---, No. 07-4553-cv,
  2010 WL 3749281 (2d Cir. Sept. 28, 2010) ................................................................... 5

*Patel v. Contemporary Classics of Beverly Hills*,
  259 F.3d 123 (2d Cir. 2001) ........................................................................................... 2

*Quail Cruises Ship Management Ltd. v. Agencia de Viagens Cvc Tur Limitada*,
  --- F. Supp. 2d ---, No. 09-23248-CIV, 2010 WL 3119908
  (S.D. Fla. Aug. 6, 2010) .................................................................................................. 6

*Rashed v. Astrue,*
   No. 07-CV-2726 (NGG), 2010 WL 3036795 (E.D.N.Y. July 30, 2010) ..................... 7

*Rothman v. Gregor*, 220 F.3d 81 (2d Cir. 2000) ................................................................ 7

*SEC v. Texas Gulf Sulphur Co.,*
   401 F.2d 833 (2d Cir. 1968) ........................................................................................ 4

*Sgalambo v. McKenzie,*
   No. 09 Civ. 10087 (SAS), 2010 WL 3119349 (S.D.N.Y. Aug. 6, 2010) ..................... 6

*Terra Securities Asa Konkursbo v. Citigroup, Inc.,*
   No. 09 Civ. 7058 (VM), 2010 WL 3291579 (S.D.N.Y. Aug. 16, 2010) ..................... 6

**Statutes and Regulations**

15 U.S.C. § 77q(a) ............................................................................................................. 1

15 U.S.C. § 78j(b) .............................................................................................................. 1

17 C.F.R. § 230 ............................................................................................................. 7, 8

17 C.F.R. § 240.10b-5 ....................................................................................................... 1

Fed. R. Civ. P. 12(c) .......................................................................................................... 2

**Other Authorities**

5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure
   § 1371 (3d ed. 2004) .................................................................................................... 7

Offshore Offers and Sales, Securities Act Release No. 33-6863, 1990 WL 311685,
   (Apr. 24, 1990) ............................................................................................................ 8

iii

Defendant Fabrice Tourre respectfully submits this memorandum of law in support of his motion for judgment on the pleadings.

## PRELIMINARY STATEMENT

Under the Supreme Court's recent ruling in *Morrison v. National Australia Bank Ltd.*, 130 S.Ct. 2869 (2010), the SEC's Complaint fails to state a claim for violation of the federal securities laws. *Morrison* makes clear that the antifraud provisions of the federal securities laws can be applied if, and only if, the securities transaction at issue takes place in the United States. Yet there is no allegation in the Complaint that any securities transaction in connection with the challenged ABACUS 2007-AC1 transaction took place in the United States. On the contrary, the ten million pages of documents that the SEC has recently turned over to Mr. Tourre from its investigative file include evidence that the sole investor alleged in the Complaint to have purchased notes in the ABACUS 2007-AC1 offering was a foreign bank that invested overseas under SEC Regulation S. By definition, Regulation S transactions occur outside the United States, so, under *Morrison,* that transaction was not subject to the antifraud provisions of the federal securities laws.

## THE COMPLAINT

The SEC brings this action under the antifraud provisions of the federal securities laws, Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), SEC Rule 10b-5, 17 C.F.R. § 240.10b-5, and Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a). *See* Complaint filed Apr. 16, 2010 ("Compl.") ¶¶ 6, 67-74.

The Complaint alleges that, in early 2007, Goldman, Sachs & Co. ("Goldman") structured and marketed a synthetic collateralized debt obligation ("CDO") known as "ABACUS 2007-AC1," whose reference portfolio consisted of subprime residential mortgage-backed

securities. *See* Compl. ¶ 1.[1] Very broadly, as alleged in the Complaint, in exchange for its investment, an investor in a CDO receives a note that entitles it to payments calculated by reference to the performance of the reference portfolio. Compl. ¶ 13.

According to the SEC, Goldman's ABACUS 2007-AC1 offering materials were false and misleading because they identified ACA Management LLC as "Portfolio Selection Agent," without specifying that another entity, Paulson & Co. ("Paulson"), also had involvement in selecting the reference portfolio. *See* Compl. ¶¶ 36-38.

Although the SEC concedes that the ABACUS 2007-AC1 transaction was approved by Goldman's senior management, it seeks to hold Mr. Tourre, who was a 28-year old employee at the time of the events alleged, responsible for the alleged deficiencies in Goldman's offering documents, on the basis that he was "principally responsible" for the transaction. *See* Compl. ¶¶ 9, 40. As to the extent of Mr. Tourre's personal involvement in the preparation of the 178-page ABACUS 2007-AC1 Offering Circular, the SEC alleges only that "Tourre reviewed at least the Summary section." *See* Compl. ¶¶ 41-42.

## STANDARD OF LAW

When filed after the defendant has answered the complaint, a motion to dismiss for failure to state a claim should be made as a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). *See Patel v. Contemporary Classics of Beverly Hills,* 259 F.3d 123, 125-27 (2d Cir. 2001). "The standard for granting a Rule 12(c) motion for judgment on the pleadings is identical to that of a Rule 12(b)(6) motion for failure to state a claim." *Id.* at 126 (citations omitted).

To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a complaint's well-pled, non-conclusory, factual allegations must create a "reasonable inference

---

[1] Mr. Tourre disputes the SEC's allegations, *see* Answer of Defendant Fabrice Tourre filed July 19, 2010, and, indeed, as a non-resident, non-U.S. citizen, appeared voluntarily before the United States Senate eleven days after the filing of this Complaint in order to respond to these allegations. For purposes of this motion only, however, the well-pled, non-conclusory allegations of the Complaint are assumed to be true. *See, e.g., Hayden v. Paterson*, 594 F.3d 150, 157 n.4 (2d Cir. 2010).

that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009); *see also Hayden*, 594 F.3d at 160-61 (applying the *Iqbal* standard to a Rule 12(c) motion for judgment on the pleadings). To avoid dismissal, the complaint must plead "factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## ARGUMENT

**THE COMPLAINT DOES NOT STATE A CLAIM UNDER THE FEDERAL SECURITIES LAWS BECAUSE IT FAILS TO ALLEGE ANY SECURITIES TRANSACTION IN THE UNITED STATES**

    **A.    Under The Supreme Court's Decision In *Morrison*, The Antifraud Provisions Of The Federal Securities Laws Are Limited To Securities Transactions In The United States**

On June 24, 2010, the United States Supreme Court issued its opinion in *Morrison v. National Australia Bank Ltd.*, 130 S.Ct. 2869 (2010), holding that the federal securities laws are limited to securities transactions that take place in the United States.

The Supreme Court noted that the venerable presumption against extraterritoriality means that "[w]hen a statute gives no clear indication of an extraterritorial application, it has none." *Id*. at 2878. As the Exchange Act contains no indication that Section 10(b) applies abroad, the Supreme Court held that Section 10(b) has no extraterritorial application. *See id*. at 2881-83. Also, held the Supreme Court, as Rule 10b-5 extends no further than Section 10(b), "if § 10(b) is not extraterritorial, neither is Rule 10b-5." *Id*. at 2881.

Turning to the task of identifying those transactions to which the Exchange Act does apply, the Supreme Court first repudiated four decades of case law that had applied the federal securities laws to foreign securities transactions that were accompanied by some level of "conduct" or "effects" in the United States. *See id.* at 2878-81. The Supreme Court specifically rejected a test proposed by the Solicitor General, appearing on behalf of the SEC, under which

3

Section 10(b) would be violated when a securities fraud involves significant conduct in the United States that is material to the fraud's success.  *See id.* at 2886-88.

Holding that Section 10(b) prohibits not the making of deceptive statements in the United States, but only the making of deceptive statements in connection with securities transactions that take place in the United States, *id.* at 2884-85, 2887, the Supreme Court announced a clear "transactional test"—"whether the purchase or sale is made in the United States, or involves a security listed on a domestic exchange." *Id.* at 2886 (emphasis added).  Thus, post-*Morrison*, Section 10(b) and Rule 10b-5 apply only to "transactions in securities listed on domestic exchanges, and domestic transactions in other securities."  *Id.* at 2884 (emphasis added).

Further, the Supreme Court noted, "[t]he same focus on domestic transactions is evident in the Securities Act of 1933," which was "enacted by the same Congress as the Exchange Act and [forms] part of the same comprehensive regulation of securities trading."  *Id.* at 2885 (citing *Central Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164, 170-71 (1994)).  Like the Exchange Act, the Securities Act contains no indication of any extraterritorial application, and, indeed, the Court of Appeals has held that the anti-fraud provisions of the Securities Act have no greater geographical reach than those of the Exchange Act.  *See Europe and Overseas Commodity Traders, S.A. v. Banque Paribas London,* 147 F.3d 118, 128 n.10 (2d Cir. 1998) (affirming this court's dismissal of claims arising from a foreign securities transaction, holding that "§ 12 [of the Securities Act] does not reach further than § 10(b) [of the Exchange Act]."), *abrogated on other grounds by Morrison*, 130 S.Ct. at 2879-83.[2]

---

[2] *See also SEC v. Texas Gulf Sulphur Co.*, 401 F.2d 833, 855 n.22 (2d Cir. 1968) (en banc) (noting that the antifraud provisions now found in Rule 10b-5(b) and (c) are "virtually identical" to, and were modelled on, the antifraud provisions in Section 17(a)(2) and (3) of the Securities Act).

     **B.    The Complaint Fails To State A Claim Under The Federal Securities Laws Because It Does Not Allege That Any ABACUS 2007-AC1 Securities Transaction Took Place In The <u>United States</u>**

As the ABACUS 2007-AC1 notes were not listed on any exchange, the SEC cannot carry its burden of proving that the conduct alleged in the Complaint violated the federal securities laws unless it can prove, *inter alia*, that the transactions alleged in the Complaint took place in the United States. *See Morrison*, 130 S.Ct. at 2885 (holding that, with regard to unlisted securities, the "exclusive focus" is on "*domestic* purchases and sales.") (emphasis in original).

The Complaint fails, however, even to *allege* that any ABACUS 2007-AC1 securities transaction took place in the United States. As a result, the Complaint does not create a "reasonable inference that the defendant is liable for the misconduct alleged," *Iqbal*, 129 S.Ct. at 1949, because its factual allegations do not support even the threshold inference that the federal securities laws are applicable. Under these circumstances, the Complaint should be dismissed for failure to state a claim. In *Norex Petroleum Ltd. v. Access Industries, Inc.,* --- F.3d ---, No. 07-4553-cv, 2010 WL 3749281 (2d Cir. Sept. 28, 2010), for example, the Court of Appeals, applying *Morrison*, affirmed the dismissal under Rule 12(b)(6) of RICO claims arising from transactions that took place primarily overseas, holding that "simply alleging that some domestic conduct occurred cannot support a claim of domestic application [of the RICO statute]." *Id.* at *3.[3]

The *Morrison* court affirmed this court's dismissal of the Exchange Act claims asserted in that case because it concluded that the *Morrison* plaintiffs failed to satisfy either prong of the transactional test, as there were "no securities listed on a domestic exchange, and all aspects of the purchases complained of . . . occurred outside the United States." *Morrison*, 130 S.Ct. at 2888. Since *Morrison*, several courts in this district and elsewhere have dismissed

---

[3] *See also Cedeño v. Intech Group, Inc.,* --- F. Supp. 2d ---, No. 09 Civ. 9716 (JSR), 2010 WL 3359468 (S.D.N.Y. Aug. 25, 2010) (applying *Morrison* and dismissing civil RICO claims because the alleged RICO enterprise and the impact of the predicate activity were foreign.).

5

federal securities claims because the plaintiffs failed to allege a domestic securities transaction—that, post-*Morrison*, being an essential element of any such claim.

In *Terra Securities Asa Konkursbo v. Citigroup, Inc.*, No. 09 Civ. 7058 (VM), 2010 WL 3291579 (S.D.N.Y. Aug. 16, 2010), for example, the court dismissed Exchange Act claims arising from a total return swap that defendants sold to plaintiffs in Europe and from plaintiffs' purchases of notes on European stock exchanges, holding that these allegations of foreign securities transactions failed to state a cause of action under the *Morrison* transactional test. *See id.* at *4-5.

Similarly, in *Quail Cruises Ship Management Ltd. v. Agencia de Viagens Cvc Tur Limitada*, --- F. Supp. 2d ---, No. 09-23248-CIV, 2010 WL 3119908 (S.D. Fla. Aug. 6, 2010), the court granted a motion to dismiss Exchange Act claims arising from a stock purchase agreement between two foreign entities involving the stock of a foreign corporation, holding the complaint "insufficient under *Morrison*'s transactional test because the Amended Complaint does not allege the requisite domestic transaction." *See id.* at *2-3.

Further, in *Cornwell v. Credit Suisse Group*, --- F. Supp. 2d ---, No. 08 Civ. 3758 (VM), 2010 WL 3069597 (S.D.N.Y. July 27, 2010), the court granted a Rule 12(c) motion for judgment on the pleadings, dismissing Exchange Act claims based on purchases made on a foreign exchange, holding that, post-*Morrison*, Section 10(b) does "*not* apply to transactions involving (1) a purchase or sale, wherever it occurs, of securities listed only on a foreign exchange, or (2) a purchase or sale of securities, foreign or domestic, which occurs outside the United States." *Id.* at *3 (emphasis in original).[4]

And, in *Sgalambo v. McKenzie,* No. 09 Civ. 10087 (SAS), 2010 WL 3119349 (S.D.N.Y. Aug. 6, 2010), the court dismissed Exchange Act claims asserted by investors who purchased securities on a foreign exchange. *See id.* at *17. The *Sgalambo* court also denied

---

[4] *See also In re Alstom SA Sec. Litig.,* No. 03 Civ. 6595 (VM), 2010 WL 3718863, at *3 (S.D.N.Y. Sept. 14, 2010) (dismissing Exchange Act claims arising from purchases on a foreign exchange, holding that "the [*Morrison*] Court was concerned with the territorial location where the purchase or sale was executed and the securities exchange laws that governed the transaction.").

6

leave to re-plead those claims, holding that, as those claims did not comply with the *Morrison* transactional test, any amendment to re-assert them would be futile. *See id.*

Just as the claims of the *Sgalambo* plaintiffs who purchased their securities on a foreign exchange could not be saved by an amended pleading, *see id.*, documents that the SEC recently produced to Mr. Tourre in discovery show the SEC's failure to plead that any ABACUS 2007-AC1-related securities transaction took place in the United States is more than a mere technical pleading oversight.

The Complaint makes allegations regarding only one investor in ABACUS 2007-AC1 notes—IKB Deutsche Industriebank AG ("IKB"). *See* Compl. ¶ 58.[5] As the Complaint alleges, IKB is a German bank, based in Dusseldorf, Germany. *See* Compl. ¶ 52. IKB invested $50 million in Class A-1 ABACUS 2007-AC1 notes, and $100 million in Class A-2 ABACUS 2007-AC1 notes. *See* Compl. ¶ 58.

During the course of August and September 2010, the SEC turned over ten million pages of documents from its investigative file to Mr. Tourre's counsel. Among the documents that the SEC produced are copies of the ABACUS 2007-AC1 Class A-1 and Class A-2 notes that IKB purchased. *See* Decl. of Pamela Rogers Chepiga dated Sept. 29, 2010, ¶¶ 3-7, Exs. A, B.[6] These documents show that IKB purchased the ABACUS 2007-AC1 notes <u>outside the United States</u>, pursuant to SEC Regulation S ("Reg. S"), 17 C.F.R. §§ 230.901-230.905.

---

[5] The Complaint also alleges that, a month after the ABACUS 2007-AC1 transaction closed, Goldman entered into a credit default swap ("CDS") transaction relating to the credit risk associated with the "super-senior" tranche of the ABACUS 2007-AC1 transaction. *See* Compl. ¶¶ 5, 61-64. The Complaint pleads no facts, however, to support any inference that this CDS transaction meets the *Morrison* transactional test or that it is otherwise subject to the federal securities laws.

[6] When ruling on a motion to dismiss under Rule 12(b)(6), the Court may consider "any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, legally required public disclosure documents filed with the SEC, and documents possessed by or known to the plaintiff and upon which it relied in bringing the suit." *ATSI Commc'ns*, 493 F.3d at 98 (citing *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000)). The same standard applies on a motion for judgment on the pleadings under Rule 12(c). *See Rashed v. Astrue,* No. 07-CV-2726 (NGG), 2010 WL 3036795, at *3 (E.D.N.Y. July 30, 2010); 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1371, at 276 (3d ed. 2004).

Like the rule announced by the *Morrison* court with respect to the antifraud provisions of the federal securities laws, Reg. S adopts a "'territorial approach'" to the Securities Act's registration provisions. *See Europe and Overseas Commodity Traders,* 147 F.3d at 124 (quoting Offshore Offers and Sales, Securities Act Release No. 33-6863, 1990 WL 311658, at *5 (Apr. 24, 1990)). Issued by the SEC and effective May 2, 1990, Reg. S exempts "offers and sales that occur outside the United States" from the Act's registration requirements. 17 C.F.R. § 230.901. As the Preliminary Notes to Reg. S make clear: "Regulation S is available only for offers and sales of securities outside the United States." *See* 17 C.F.R. § 230 (Preliminary Note, ¶ 6).

By definition, therefore, the Reg. S transaction pursuant to which IKB invested in ABACUS 2007-AC1 took place outside the United States. Necessarily, then, it was not a domestic transaction, so it cannot comply with *Morrison*'s transactional test. *See Morrison*, 130 S.Ct. at 2885. Under the holding of the Supreme Court in *Morrison,* the federal securities laws simply cannot apply to the overseas transaction pursuant to which IKB purchased the ABACUS 2007-AC1 notes.

In sum, therefore, the Complaint's failure to allege that any ABACUS 2007-AC1 transaction took place in the United States requires dismissal.

## **CONCLUSION**

For all the foregoing reasons, Fabrice Tourre respectfully requests that the Court grant his motion for judgment on the pleadings, dismiss the Complaint dated April 16, 2010, and grant such other and further relief as the Court may consider appropriate.

Dated:  September 29, 2010
         New York, New York

                                                   Respectfully submitted,

                                                   /s/ Pamela Rogers Chepiga
                                                 Pamela Rogers Chepiga
                                                 (pamela.chepiga@allenovery.com)
                                                 David C. Esseks
                                                 (david.esseks@allenovery.com)
                                                 Andrew Rhys Davies
                                                 (andrew.rhys.davies@allenovery.com)
                                                 Brandon D. O'Neil
                                                 (brandon.o'neil@allenovery.com)

                                                 ALLEN & OVERY LLP
                                                 1221 Avenue of the Americas
                                                 New York, New York  10020
                                                 (212) 610-6300

                                                 *Attorneys for Fabrice Tourre*