UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

        v.

GOLDMAN SACHS & CO. and FABRICE TOURRE,

                Defendants.

------------------------------------x

10 Civ. 3229(BSJ)(MHD)

**Memorandum and Order**

**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

    Defendant Fabrice Tourre moves for certification of an interlocutory appeal, pursuant to 28 U.S.C. § 1292(b), of the Court's June 10, 2011 Memorandum and Order, to the extent it sustained the Securities and Exchange Commission's ("SEC") claim against Tourre under the Securities Act of 1933 ("Securities Act") as to "offers" Tourre allegedly made to IKB Deutsche Industriebank AG ("IKB") and ABN Amro N.V. ("ABN"). (Dkt. 102.) For the reasons set forth below, Tourre's motion is DENIED.

    An order certifying an interlocutory appeal from an order not otherwise appealable—such as the Court's denial, in relevant part, of Tourre's motion to dismiss—may be entered only where a court is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination

of the litigation." 28 U.S.C. § 1292(b). "It is a basic tenet of federal law to delay appellate review until a final judgment has been entered." Koehler v. Bank of Bermuda Ltd., 101 F.3d 863, 865 (2d Cir. 1996) (citation omitted). An interlocutory appeal "is a rare exception to the final judgment rule that generally prohibits piecemeal appeals." Id.

While the Court's Section 17 ruling is an issue of first impression, that fact, "standing alone, is insufficient to" warrant an intermediate appeal. See In re Flor, 79 F.3d 281, 284 (2d Cir. 1996) (citations omitted). Moreover, an interlocutory appeal would not "avoid protracted litigation" because irrespective of how the Second Circuit may rule regarding the Section 17 claim with respect to IKB and ABN, claims under both the Securities Act and the Exchange Act are proceeding with respect to ACA Management LLC. See Koehler, 101 F.3d at 865-66 (citation omitted). In view of this fact, certification, at least at this time, is not appropriate. One or both parties may choose to file a motion for interlocutory appeal after summary judgment.

For the reasons provided above, Defendant Fabrice Tourre's motion for certification of an interlocutory appeal (Dkt. 102) is DENIED.

**SO ORDERED:**

_____
**BARBARA S. JONES**
**UNITED STATES DISTRICT JUDGE**

Dated:   New York, New York
         October 17, 2011