UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE
COMMISSION,

        Plaintiff,

        v.

FABRICE TOURRE,

        Defendant.

Civil Action
No.: 10-cv-3229 (KBF)

<u>ELECTRONICALLY FILED</u>

---

**REPLY MEMORANDUM OF LAW OF FABRICE TOURRE IN
FURTHER SUPPORT OF HIS DAUBERT MOTION TO LIMIT THE
<u>PROPOSED EXPERT TESTIMONY OF ANDREW DAVIDSON</u>**

Pamela Rogers Chepiga
David C. Esseks
Andrew Rhys Davies
Brandon D. O'Neil

ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 610-6300

*Attorneys for Fabrice Tourre*

Dated: April 12, 2013
       New York, New York

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT .............................................................................................. 1

ARGUMENT .............................................................................................................................. 2

    A.    Davidson Cannot Offer Inadmissible Opinions By "Intertwining" Them With Admissible Opinions ................................................................................................ 2

    B.    Davidson's "Vast" Industry Expertise Does Not Exempt Him From The Bar On Offering Inadmissible Factual Narrative .................................................................. 6

CONCLUSION ........................................................................................................................... 9

# **TABLE OF AUTHORITIES**

## **CASES**

*Highland Capital Mgmt., L.P. v. Schneider*,
   379 F. Supp. 2d 461 (S.D.N.Y. 2005) .................................................................................. 5

*Island Intellectual Prop. LLC v. Deutsche Bank AG*,
   No. 09 Civ. 2675 (KBF), 2012 WL 526722 (S.D.N.Y. Feb. 14, 2012) ..........................4, 7, 8

*Pension Comm. of the Univ. of Montreal Pension Plan v. Banc of Am. Securities, LLC*,
   691 F. Supp. 2d 448 (S.D.N.Y. 2010) ............................................................................3, 4, 6

*In re Rezulin Prods. Liability Litig.*,
   309 F. Supp. 2d 531 (S.D.N.Y. 2004) ............................................................................4, 5, 7

*Snyder v. Wells Fargo Bank, N.A.*,
   No. 11 Civ. 4496, 2012 WL 4876938 (S.D.N.Y. Oct. 15, 2012) .......................................... 7

*United States v. Bilzerian*,
   926 F.2d 1285 (2d Cir. 1991) ............................................................................................ 4, 5

*United States v. Duncan*,
   42 F.3d 97 (2d Cir. 1994) ...................................................................................................... 5

*United States v. Schwartz*
   924 F 2d 410 (2d Cir. 1991) .................................................................................................. 5

## **STATUTES**

Fed. R. Evid. 403 ........................................................................................................................... 1

Fed. R. Evid. 702 ........................................................................................................................... 1

Fed. R. Evid. 703 ........................................................................................................................... 1

Fabrice Tourre respectfully submits this reply memorandum of law in further support of his *Daubert* motion, pursuant to Federal Rules of Evidence 403, 702 and 703, to limit the proposed expert testimony of Andrew Davidson as set forth herein.[1]

## PRELIMINARY STATEMENT

The SEC states that it designated Andrew Davidson as a rebuttal witness to "identify and discuss any flaws in Tourre's experts' analyses." SEC Opp. Mem. at 1. Where Davidson's proposed testimony adheres to these limitations and rests on a proper foundation, Mr. Tourre does not challenge its admissibility. But Davidson repeatedly strays from his stated assignment to narrate the allegations of the SEC's Amended Complaint, opining that the omissions alleged therein were "deliberately misleading" and speculating as to the intents and motivations behind the ABACUS transaction, and drawing factual conclusions based on the interpretation of evidence he admitted at his deposition he could not identify and did not fully understand. As the opening brief of this motion established, these portions of Davidson's proposed testimony should be excluded because they (1) narrate factual allegations that do not require expert interpretation, (2) improperly speculate as to the state of mind of the case's principal actors and the intents and motivations behind the ABACUS transaction, and (3) embody legal conclusions on the case's ultimate issues.

The SEC argues in response that Davidson's opinions should be admitted because they are "coupled" and "intertwined" in his report with other, admissible material. As to the opinions Davidson formed on the basis of evidence he could not identify or affirmatively misunderstood, the SEC argues that it should still be allowed to elicit those opinions so long as it does not actually refer to the evidence itself. Neither argument is proper. Davidson's statistical analysis—in which he purports to show that ABACUS performed worse than a comparison set he devised—is simply not proper basis from which to speculate that "ABACUS was *intended* to

---

[1] This Reply Memorandum adopts defined terms from the opening memorandum of this motion, dated March 8, 2013. That opening memorandum is cited as "Tourre Mem." and the SEC's opposition memorandum, dated March 29, 2013, is cited as "SEC Opp. Mem."

produce worse collateral performance," or that "effort was put into *deliberately misleading* other participants in the transaction." The fact that Davidson "intertwines" this speculative testimony into a discussion of his statistical "results" does not render it admissible. And the case law of this Circuit is clear, moreover, that the SEC may not use an expert to narrate factual evidence that should be introduced through percipient fact witnesses. That prohibition should apply with even more force here where Davidson has admitted he does not even know who authored the communications he is citing as the basis of his opinions.

## ARGUMENT

### A. Davidson Cannot Offer Inadmissible Opinions By "Intertwining" Them With Admissible Opinions

Mr. Tourre seeks the exclusion of Davidson's views as to what the actors in this case "*intended to*" accomplish, his view that "there is evidence that effort was put into *deliberately misleading* other participants in the transaction," and his view that the allegedly strong under-performance of ABACUS was "*cleverly accomplished*." *See* Davidson Rebuttal ¶¶ 9-10. As Mr. Tourre has shown, these are not admissible expert opinions that Davidson has formed based on his expertise and analysis, but rather comprise his improper speculation and argument as to the intent, motive and state of mind of parties and others in the case, based on his commentary upon parts of the factual record and his improper legal conclusions on the case's ultimate issues. *See* Tourre Mem. at 4-5.

Ignoring the case law cited in support of Mr. Tourre's motion, the SEC insists that these opinions should be admitted because they are logical inferences from the admissible opinions that Davidson intends to offer, and because Davidson "coupled" or "intertwined" them with the findings of his statistical analysis. *See* SEC Opp. Mem. at 5-8. To the contrary, an expert cannot grant himself license to offer impermissible opinions simply by drafting a report that "intertwines" them with permissible opinions, or by arguing that they are logical inferences from admissible opinions, that being a core jury question.

2

The SEC seeks to rescue Davidson's opinions by noting that they are introduced by a statement in which Davidson states that "*my results show* that it is unlikely a purely random selection process . . . would have resulted in the realized collateral loss performance of the ABACUS portfolio." SEC Opp. Mem at 5 (SEC's emphasis). According to the SEC, this sentence supplies the necessary bridge between Mr. Davidson's statistical analysis and the wide-ranging factual and legal conclusions he wishes to offer, allowing him to offer all manner of speculative testimony as to the inferences the jury should draw from his opinions and from the factual record. *See id.* (quoting Davidson Rebuttal ¶ 9). This, however, is not permitted.

"Coupling" or "intertwining" legal conclusions and inadmissible speculation with references to statistical "*results*" clearly does not make them admissible. This is particularly so when the speculation and legal conclusions do not follow from those results. In this case, Davidson claims to have compared the performance of the ABACUS portfolio against a "random selection" of comparable RMBS securities. Davidson Rebuttal ¶¶ 7, 9. This analysis showed, according to Davidson, that ABACUS performed worse than the comparison set he devised, and nothing more. *Id.*

The SEC can present Davidson's analysis to the jury, and invite the jury to draw appropriate inferences. The SEC can also present to the jury admissible factual evidence, and argue that it, too, supports those inferences. The SEC cannot, however, do what it currently proposes—have Davidson supplement his statistical analysis with argument from the witness stand as to what inferences the jury should draw from that analysis as to the motivations and intentions of the actors in this case, and with argument as to how other factual evidence in the case further supports his inferences.

Nor does the SEC's case law support its position. In *Pension Committee of the University of Montreal Pension Plan v. Banc of Am. Securities, LLC*, 691 F. Supp. 2d 448, 468 (S.D.N.Y. 2010)—the source of the SEC's "intertwining" argument—a due diligence expert was permitted to "intertwine his factual narrative with his opinion testimony" in order to compare plaintiffs' due diligence efforts with his expert view of the industry standard, but he was

3

specifically prohibited from testifying as to "the actual state of mind of the Plaintiffs." *Id.* at 466-467. He was also prohibited from testifying as to facts to the extent his testimony would improperly bolster the factual evidence to be offered at trial. *See id.* at 468-69. Davidson's opinions clearly contravene both those limitations.

Nor does this Court's decision in *Island Intellectual Prop. LLC v. Deutsche Bank AG*, No. 09 Civ. 2675 (KBF), 2012 WL 526722 (S.D.N.Y. Feb. 14, 2012), support the SEC's argument. The SEC notes that this Court "allow[ed] [the] expert to 'list the materials he ha[d] reviewed, discuss them briefly, and provide an opinion—based on his . . . skills and experience.'" SEC Opp. Mem. at 6 (SEC's ellipsis). But Davidson is not merely "listing" and "briefly discussing" the materials he reviewed. He is extrapolating from those materials to opine on motivations and intent and upon ultimate legal conclusions. This was not permitted in *Island Intellectual*, where the expert was expressly precluded from "walking though the evidence, piece by piece," and from "testifying as to his ultimate conclusions" on the key legal issues in the case. *Id.* at *6. This Court also limited the expert testimony of another witness to "the scope of his banking expertise, which scope *does not extend to inferences regarding the specific intent of defendants . . .* or *ultimate conclusions* as to whether defendants induced infringement or not." *Id.* at *8 (emphasis added) (citing *In re Rezulin Prods. Liability Litig.*, 309 F. Supp. 2d 531, 547 (S.D.N.Y. 2004)).

The SEC correctly cites *United States v. Bilzerian*, 926 F.2d 1285 (2d Cir. 1991), for the proposition that an expert "'may opine on an issue of fact within the jury's province' so long as he does not state ultimate legal conclusions based on those facts." SEC Opp. Mem. at 6. *Bilzerian* also teaches, however, that expert testimony must be "carefully circumscribed to assure that the expert does not usurp either the role of the trial judge in instructing the jury as to the applicable law or the role of the jury in applying that law to the facts before it." *Bilzerian*, 926 F.2d at 1294 (citations omitted). In this case, Davidson clearly usurps the jury's role by arguing about the inferences they should draw from his opinions and from other factual evidence, and also states "ultimate legal conclusions," drawing the conclusion that investors were "misled,"

4

and that this was accomplished "deliberately."  Moreover, *Bilzerian* does not create an exception to the rule that experts may not speculate on the state of mind, intent or motivation of parties and others in the case.  *See Highland Capital Mgmt., L.P. v. Schneider*, 379 F. Supp. 2d 461, 469-70 (S.D.N.Y. 2005); *In re Rezulin*, 309 F. Supp. 2d at 546 (precluding expert testimony on "the 'real motive' behind certain business transactions").[2]

The SEC's opposition includes a vague footnote in which it says it "will not elicit any testimony from Mr. Davidson" as to whether "Tourre or anyone else acted 'deliberately' or with *scienter* [] in their attempt to mislead participants in the [ABACUS] transaction."  SEC Opp. Mem. at 8, n.5.  The SEC argues that this moots some part of Mr. Tourre's motion, but it is not at all clear what the SEC is agreeing not to elicit, and whether, in particular, the SEC believes the opinion is acceptable if elicited in the passive voice, which it clearly is not for all the reasons set forth herein.  Nor does there appear to be any principled distinction between what the SEC says it does not intend to elicit, and the other opinions that are objectionable for the same reasons.  Mr. Tourre does not agree, therefore, that this moots any part of his motion.

In addition, as Mr. Tourre has shown, Davidson's opinion clearly should have been disclosed on December 20, 2012, when opening reports were exchanged.  *See* Tourre Mem. at 1.  The SEC now seeks to excuse its decision to withhold Davidson until the rebuttal stage by arguing, in a footnote, that it does not have to prove loss causation.  *See* SEC Opp. Mem. at 4 n.1.  This case rests, however, on the SEC's claim that the ABACUS portfolio was adversely selected and designed to fail, *see* Am. Compl. ¶¶ 2, 16, and the Amended Complaint specifically alleges that IKB and ACA suffered financial harm, *see id.* ¶¶ 65, 71-73.  The idea that the SEC bears no burden to substantiate its case theory and to prove its allegations is absurd.

---

[2] *United States v. Duncan*, 42 F.3d 97 (2d Cir. 1994), has no application here.  In that case the expert was an investigator testifying as to his personal knowledge of the case's facts.  The Second Circuit expressly recognized that that holding fell within a line of cases where "the investigating agent testified 'not simply as an expert, but also as a witness to the investigation.'"  *Id.* at 102 (quoting *United States v. Schwartz*, 924 F.2d 410, 426 (2d Cir. 1991)).

5

Certainly, the SEC should now be held to its decision to offer Davidson as a rebuttal witness, *see* SEC Opp. Mem. at 1, 4, so Davidson should be strictly limited to responding to the opinions offered by Mr. Tourre's experts. The SEC, however, identifies no part of Mr. Tourre's expert reports to which the opinions in paragraphs 9-10 of his rebuttal report are responsive. In addition to their other defects, these opinions should, therefore, be stricken as improper rebuttal. *See Pension Committee*, 691 F. Supp. 2d at 468 (precluding expert testimony on issues that were "beyond the proper scope of Weiser's testimony as a rebuttal witness").

### B. Davidson's "Vast" Industry Expertise Does Not Exempt Him From The Bar On Offering Inadmissible Factual Narrative

Mr. Tourre also seeks exclusion of the proposed testimony in the four-paragraph subsection of Davidson's rebuttal report entitled "The Role of the Selection Agent," in which Davidson states a series of speculative and argumentative opinions that mirror allegations in the Amended Complaint and that are based on nothing more than his review of and commentary upon deposition testimony and other case exhibits.[3] Mr. Tourre has shown that this testimony is inadmissible because Davidson is simply narrating case evidence—evidence, moreover, that he barely understands or affirmatively misunderstands—and that he uses to engage in inadmissible speculation about the intent and states of mind of various actors. To the extent the underlying evidence is admissible, it should be presented through knowledgeable fact witnesses, allowing the jury to interpret the evidence for itself. *See* Tourre Mem. at 6.

The SEC admits that Davidson's opinions in this section are unrelated to the statistical analysis for which he was designated as a rebuttal expert, but insists that "[t]his is simply Mr. Davidson again applying his unquestioned expertise as a CDO investor and a market

---

[3] These comprise Davidson's conclusions that the factual evidence he cited "add[s] to the evidence that the Portfolio Selection Agent was misled as to the role of Paulson," (Davidson Rebuttal ¶ 39), as to his view of what "would have been relevant to ACA as Portfolio Selection Agent" and what "ACA would not have suspected," (*Id.* ¶¶ 39-40), and as to his view that "Goldman Sachs chose to have a Portfolio Selection Agent in order to make the deal salable to investors," and that "[t]he fact that Goldman Sachs chose to compensate the Portfolio Selection Agent for this role is a strong indication that investors required an independent expert to select the collateral" (*Id.* ¶ 38).

6

participant to properly intertwine fact evidence with his opinion testimony." SEC Opp. Mem. 8-9. This argument does not, however, salvage Davidson's opinions. The "intertwining" argument is unsustainable for the reasons set forth above. Moreover, the SEC has not shown how these opinions—in which Davidson simply narrates factual evidence—are derived from his "vast" industry expertise. And, even if they were, it is clear that experts cannot be permitted to "shed[] light on industry practices *only* by reference to the facts of [the] case." *Snyder v. Wells Fargo Bank, N.A.*, No. 11 Civ. 4496, 2012 WL 4876938, at *4 (S.D.N.Y. Oct. 15, 2012) (emphasis in original). This, of course, is precisely what the SEC is seeking to have Davidson do.

The SEC's opposition simply fails to come to grips with the fact that Davidson is being used impermissibly to narrate facts, and under circumstances where he can not even identify the basic features of the evidence he is relying on. The case law cited in the opening brief, which the SEC does not address, is clear that, although expert opinions can certainly touch upon factual matters within the jury's province, experts may not be used simply to marshal and deliver fact evidence that should otherwise be introduced through percipient fact witnesses. *See, e.g., Rezulin*, 309 F. Supp. 2d at 551. This rule should apply with even more force here, where Davidson cannot even identify the authors of the emails he is quoting and interpreting.

The SEC even attempts to excuse Davidson's reliance on evidence that he incontrovertibly misunderstood by stating that it does not "anticipate" using that specific document at trial. *See* SEC Opp. Mem. at 10. This borders on the absurd—and would allow Davidson to testify to an opinion he reached based on a clear misinterpretation of the evidence, just so long as the SEC does not expose the error on which it rests at trial. Nor is Davidson's error cured by requiring Mr. Tourre to introduce irrelevant evidence in order to expose it, and this Court's opinion in *Island Intellectual* does not so hold. To the contrary, the problem of Davidson's impermissible opinions will be cured by striking them in their entirety.

Finally, the SEC insists that Davidson should be permitted to offer the opinion set forth in paragraph 15 of his rebuttal report that: "The primary selection occurred at the Paulson step; the additional role that ACA played was inconsequential because the deals

7

they choose from already met the Paulson criteria or were subsequently approved by Paulson." The SEC concedes that this opinion does not follow from any statistical analysis Davidson conducted, but argues that the opinion is nevertheless admissible because it is based on Davidson's review and commentary upon documentary evidence and unidentified evidence that, in Davidson's words, "I guess was discussed in the deposition testimony."  *See* SEC Opp. Mem. at 11-12.

Again, however, Davidson is merely narrating fact evidence that the jury is well-capable of interpreting itself, and attempting to bolster his (materially inaccurate) narration of the facts by boasting of his "vast experience analyzing mortgages and mortgage-backed securities and making both long and short investments in CDOs and CDSs." *Id.*  The SEC offers no explanation as to how Davidson's experience equips him to interpret and understand this particular factual evidence as to how the ABACUS portfolio was selected, and to determine whose input was important and whose role was "inconsequential" any better than the jury. The SEC, accordingly, should be required to introduce evidence relating to the selection process through its fact witnesses, *see Island Intellectual,* 2012 WL 526722 at *6, and Davidson's testimony should be limited by the parameters of the limited rebuttal task for which he was designated.

**CONCLUSION**

For all the foregoing reasons, Fabrice Tourre respectfully requests that the Court grant his *Daubert* motion and limit the proposed testimony of SEC expert Andrew Davidson as set forth herein.

Dated:  April 12, 2013
        New York, New York

Respectfully submitted,

/s/ Pamela Rogers Chepiga
Pamela Rogers Chepiga
(pamela.chepiga@allenovery.com)
David C. Esseks
(david.esseks@allenovery.com)
Andrew Rhys Davies
(andrew.rhys.davies@allenovery.com)
Brandon D. O'Neil
(brandon.o'neil@allenovery.com)

ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, New York  10020
(212) 610-6300

*Attorneys for Fabrice Tourre*
