UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------- X
                                                           :
SECURITIES AND EXCHANGE                                    :
COMMISSION,                                                :
                                                           :
                              Plaintiff,                   :
                                                           :
              -v-                                          :
                                                           :
FABRICE TOURRE,                                            :
                                                           :
                              Defendant.                   :
---------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 2 3 2013

10 Civ. 3229 (KBF)

ORDER

KATHERINE B. FORREST, District Judge:

Counsel should be prepared to address the various arguments in their respective motions for partial summary judgment, and their arguments and the issues raised by the motion to preclude the January 17 telephone call.  Without limitation, the Court suggests that the following may be among the issues the Court asks counsel to address:

1. Throughout their papers, the parties ask this Court to weigh the evidence, which it cannot do on a motion for summary judgment.

2. There appears to be a host of triable issues of fact as to whether Tourre defrauded ACA by making statements (or omissions) that Paulson was taking equity in the ABACUS 2007 transaction, including:

    a. Both Tourre and Pellegrini testified in various ways that based on their communications with Paulson, they believe that ACA should have known that Paulson was taking a short position;

b. The draft "flipbooks" (provided to ACA) contain empty brackets in connection with the issued amounts for the A-D tranches;

c. Public comments in February 2007 that Paulson was, for example, focusing exclusively on short positions; making a "killing" on its "strong belief that the subprime market would fall apart"; had posted "record gains" by taking short positions (combined with the email exchange between ACA's Schwartz and Tsai of UBS);

d. The ABACUS offering circular discloses that no equity had been issued in the transaction (combined with ACA's Form 10-Q for the period ended June 2007); the same circular indicates that the "Protection Buyer" may hold a long or short position with respect to the reference obligations;

e. Different inferences could be drawn from the Schwartz testimony — as to what she knew or should have known about Paulson's short position based on her various communications;

f. Don't Tourre's own emails lead to a triable issue as to whether he knew about a potential fraud on ACA?

3. <u>Morrison</u> is concerned with extra-territorial conduct. Assume a domestic offer (e.g., put to the side for a moment the definition of offer) and a foreign purchase: isn't the domestic offer squarely within what <u>Morrison</u> left untouched?

4. Does the defendant assert that section 17(a) requires a consummated transaction?  In other words, does defendant assert that there could never be a 17(a) "offer" violation unless there is a consummated purchase on the other end?

5. If courts were to find that domestic offers (assuming there is conduct that constitutes an offer) that related to foreign purchases could not be touched, wouldn't that leave a serious gap in the enforcement of the securities laws?

6. At one point Tourre allegedly transmitted to London material and requested that that material be further transmitted to a potential purchaser.  Does defendant assert that this indirect transmission breaks the "offer" chain between Tourre and the would-be purchaser?  If so, how is FedEx or UPS so very different?  In both cases, a third party acts as the transmitting agent.

7. Why isn't the Reg S argument disposed of by the Preliminary Note to Reg S, ¶ 1 (i.e., that, in the absence of a specific exemption, Reg S would apply)?

SO ORDERED.

Dated:      New York, New York
            April 23, 2013

_____
KATHERINE B. FORREST
United States District Judge