# Becker|Glynn

**BECKER, GLYNN, MUFFLY,
CHASSIN & HOSINSKI** LLP

ATTORNEYS AND COUNSELORS AT LAW

299 Park Avenue
New York, New York 10171

Telephone (212) 888-3033
Facsimile (212) 888-0255
www.beckerglynn.com

Robert C. Muffly
Richard N. Chassin
Peter M. Hosinski
Robin L. Alperstein
Richard S. Bashner
Michael J. Dougherty
Bonnie Klugman
Eric D. Kuhn
Zeb Landsman
Patrick J. O'Brien
Alec P. Ostrow
David W. Schaaf
Rachel Korn Wasserman

COUNSEL
Karin P. E. Gustafson
Jordan E. Stern

OF COUNSEL
Joseph D. Becker
Chester B. Salomon
Kenneth J. Stuart
Peter Van Nuys

Harold J. G. Brunink
Jesse T. Conan
Jessica A. Dorfman
Sarah Schachne Hirschfeld
Michael D. Margulies
Andrea Marquez-Bottome
Stacey A. Mesler
Michelle R. Mufich
Prashanth Murali
William H. Newman
Anne N. Smith

Robert B. Glynn (1929-2002)
David J. Melamed (1930-1990)

May 24, 2013

**By E-mail**

Hon. Katherine B. Forrest
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 1007-1312
ForrestNYSDChambers@nysd.uscourts.gov

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: MAY 2 8 2013

Re: *SEC v. Fabrice Tourre, 10-CV-3229 (KBF)*

Dear Judge Forrest:

    This firm is personal counsel for non-party Laura Schwartz. I write pursuant to Your Honor's Individual Practices 2(F) in connection with the request made by defendant Fabrice Tourre, detailed in a letter dated May 21, 2013 to the Court (the "May 21 Letter"), for an order directing the Securities and Exchange Commission ("SEC" or the "Commission") to produce certain materials that concern Ms. Schwartz. In particular, I write to correct certain misstatements made by Mr. Tourre's counsel during oral argument before the Court on April 26, 2013, and, **respectfully, to request that the Court deny the relief sought in the May 21 Letter.**

    Ms. Schwartz is not a party to this litigation. She has cooperated with the Abacus investigation, appeared for depositions by Mr. Tourre and the SEC in this matter, and accepted service of trial subpoenas from both the SEC and Mr. Tourre. In connection with those subpoenas, she expects to be called as a witness at trial by both the SEC and Mr. Tourre.

    Earlier this year, Ms. Schwartz's current employer amended the Form U-4 on file for Ms. Schwartz to reflect that she had received a Wells notice from the SEC staff in an investigation unrelated to the facts in this litigation. No action has been initiated by the Commission against

Hon. Katherine B. Forrest  
May 24, 2013  
Page 2 of 3

Becker|Glynn  
BECKER, GLYNN, MUFFLY,  
CHASSIN & HOSINSKI LLP

Ms. Schwartz in connection with that unrelated investigation and I have had no substantive follow-up contact with the SEC staff responsible for it since our communications at the time that Ms. Schwartz received the Wells notice.

As reflected in the attachments to the May 21 Letter, the SEC consistently has responded to Mr. Tourre's request for the materials he seeks by explaining that they are belated requests which are neither properly discoverable nor relevant to the issues in this litigation. *See* May 21 Letter Ex. 4. I will not repeat those arguments. I respectfully request that, in evaluating Mr. Tourre's request, the Court weigh two additional considerations.

First, the materials that Mr. Tourre seeks have no probative or substantive value; they are sought solely for the purpose of attempting to impeach a non-party witness whose privacy has already been substantially invaded, through no fault of her own, by the extensive interest that this case has generated in the financial press and beyond. The details of an SEC investigation typically remain confidential until such time that the Commission decides to initiate enforcement proceedings. That certainly was Mr. Tourre's experience. Allowing Mr. Tourre's team to comb over and selectively publicize details of an unrelated investigation that has not resulted in any charges has no probative value and runs the risk of unnecessarily damaging non-party Ms. Schwartz's personal and professional reputation.

The risk of reputational damage arising out of counsel's advocacy is already evident in these proceedings. In connection with her initial request to the Court for these materials, counsel for Mr. Tourre incorrectly told the Court that Ms. Schwartz was "notified either last April 18th of 2012 or December 31st of 2012 that the SEC intended to bring charges against her." *See* Transcript of Hearing before Judge Forrest, dated April 26, 2013 ("Tr.") at 98:22-24. Counsel's citations to specific dates gave this statement the veneer of accuracy. But Ms. Schwartz has never been notified by the SEC that it intends to bring charges against her. (Nor was she contacted by the Staff on the dates cited by counsel.) As reflected in the amended U-4 that Mr. Tourre's new counsel himself attached to the May 21 Letter, Ms. Schwartz has been notified only that the staff of the New York Regional Office of the SEC is "*considering whether to recommend that the Commission initiate*" an action against her. *See* May 21 Letter Ex. 5 at 10 (emphasis added). The untrue statement by Mr. Tourre's counsel regarding Ms. Schwartz's status before the SEC was and is damaging to Ms. Schwartz's professional and personal reputation.

Second, Mr. Tourre argues that the materials he seeks are relevant because they might show bias on the part of Ms. Schwartz. *See* May 21 Letter at 1; Tr. at 99:7-14. But the timing of the unrelated SEC investigation precludes any possibility of bias on her part. Ms. Schwartz had no knowledge of that unrelated investigation until mid-2011, well after her testimony in this matter. Ms. Schwartz appeared for a full day of investigative testimony in 2008 in the context of the Abacus investigation and for two days of deposition by Mr. Tourre and the SEC in April 2011. She also submitted a sworn declaration in January 2010 in response to questions the SEC

Hon. Katherine B. Forrest
May 24, 2013
Page 3 of 3

Becker|Glynn
BECKER, GLYNN, MUFFLY,
CHASSIN & HOSINSKI LLP

posed to her after the completion of her investigative testimony. No reason exists to believe that Ms. Schwartz will deviate from two rounds of sworn testimony and a sworn declaration.

As a non-party witness appearing pursuant to a trial subpoena, Ms. Schwartz reasonably can be expected to address questions on direct examination and cross examination. However, I respectfully suggest that the Court should not sanction Mr. Tourre's late-breaking efforts to obtain nonpublic records in an attempt to impair Ms. Schwartz's reputation. Mr. Tourre is seeking access to records that, in the normal course, would remain nonpublic under the present circumstances.

Ms. Schwartz reserves all objections and remedies available to her as a non-party witness in this litigation. To the extent that there is a hearing or any other briefing in this matter, I respectfully request the opportunity to be heard on those issues. I am also available to address any questions that the Court might have.

Sincerely,

Robin L. Alperstein

Copy to:

John P. Coffey, Esq.
Law Office of John P. Coffey

Pamela Rogers Chepiga, Esq.
Allen & Overy LLP

Matthew T. Martens, Esq.
Securities and Exchange Commission