UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x
                                         :
SECURITIES AND EXCHANGE                  :
COMMISSION,                              :
                                         :   Civil Action
                    Plaintiff,           :   No.: 10-cv-3229 (KBF)
                                         :
                                         :   ELECTRONICALLY FILED
           v.                            :
                                         :
FABRICE TOURRE,                          :
                                         :
                    Defendant.           :
                                         :
---------------------------------------- x


**MEMORANDUM OF LAW OF FABRICE TOURRE IN SUPPORT OF HIS MOTION
IN LIMINE TO PRECLUDE EVIDENCE AND ARGUMENT ATTEMPTING TO
LINK ABACUS 2007-AC1 TO THE COLLAPSE OF ACA AND ABN
<u>DURING THE FINANCIAL CRISIS</u>**


<div style="margin-left: 50%;">

Pamela Rogers Chepiga
Andrew Rhys Davies
Brandon D. O'Neil
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, New York  10020
(212) 610-6300

John P. Coffey
LAW OFFICE OF JOHN P. COFFEY
1350 Avenue of the Americas, 2nd Floor
New York, New York  10019
(646) 790-8988

*Attorneys for Fabrice Tourre*

</div>

Dated:   May 29, 2013
         New York, New York

## **TABLE OF CONTENTS**

**Page**

BACKGROUND .................................................................................................................1

ARGUMENT .....................................................................................................................2

I.   THE FAILURES OF ACA AND ABN DURING THE FINANCIAL CRISIS
     ARE IRRELEVANT ..............................................................................................2

II.  IT WOULD BE UNFAIRLY PREJUDICIAL TO ATTEMPT TO LINK THE
     FAILURES OF ACA AND ABN TO ABACUS 2007-AC1 .................................3

CONCLUSION ..................................................................................................................5

Defendant Fabrice Tourre respectfully submits this memorandum of law in support of his motion *in limine* to preclude the SEC from referencing, eliciting or introducing into evidence at trial arguments or evidence to attempt to suggest that the collapse of ACA Capital Holdings, Inc. (together with relevant affiliates, "ACA") and ABN AMRO Bank N.V. ("ABN") during the financial crisis was somehow caused, in whole or in part, by their respective exposures to the ABACUS 2007-AC1 CDO ("AC1").

## BACKGROUND

This case rests on the SEC's allegations that Mr. Tourre made material misstatements and omissions in connection with the AC1 transaction.  *See* Am. Compl. ¶¶ 2-4, 37-39, 42, 44-46, 48-51, 56, 59, 64, 70.  This motion is prompted by the SEC's apparent intention to argue to the jury that the collapse of ACA and ABN was caused by their exposure to credit default swaps referencing the AC1 portfolio and, in the case of ACA, to AC1 notes.  *See id.* ¶¶ 67-69, 71, 78.

In the Amended Complaint, the SEC alleges that, at the end of 2007, ACA was experiencing "severe financial difficulties" and, in early 2008, entered into a global settlement with its counterparties to unwind approximately $69 billion of credit default swaps, $26 billion of which referenced 2005 and 2006 vintage subprime residential mortgage-backed securities.  *Id.* ¶ 71.  On its website, ACA explains that it was forced to enter into this restructuring, under the supervision of the Maryland Insurance Administration, because it was unable to honor potential claims under the massive volume of insurance contracts it had written on credit default swaps, and that the company is now in run-off.  *See* "Frequently Asked Questions," ACA Financial Guaranty Corporation, http://www.aca.com/faqs/ (last visited May 29, 2013).  The SEC also

alleges that, in late 2007, ABN was acquired by a consortium of banks that included the Royal Bank of Scotland.  Am. Compl. ¶ 72.[1]

The failures of ACA and ABN are irrelevant to this lawsuit and the SEC should be precluded from introducing evidence or argument to attempt to link their failures to the alleged misstatements and omissions at issue in this case.  Evidence and argument on those topics should also be excluded because it would prejudicially and inaccurately suggest to the jury some causal connection between the AC1 transaction and the failures of ACA and ABN, and because it would confuse the issues and prolong the trial with consideration of these irrelevant issues.

## ARGUMENT

### I.  THE FAILURES OF ACA AND ABN DURING THE FINANCIAL CRISIS ARE IRRELEVANT

Evidence is inadmissible unless it is relevant.  FRE 401; FRE 402.  Evidence is relevant when it has the tendency to make a fact more or less probable than it would be without the evidence, and that fact is "of consequence in determining the action."  FRE 401.

The fact that ACA and ABN collapsed during the financial crisis is not of any consequence in determining this action, which turns exclusively upon whether Mr. Tourre is liable, as the SEC alleges, for making specific misrepresentations and omissions to investors in early 2007.  As the SEC itself has argued in this case, loss causation and damages are not elements of an SEC enforcement action.  *See* ECF No. 192 (SEC's Partial Summary Judgment Br.) at 15 (citing *SEC v. Credit Bancorp, Ltd.*, 195 F. Supp. 2d 475, 490-91 (S.D.N.Y. 2002), for

---

[1] The Amended Complaint's allegations relating to IKB Deutsche Industriebank AG (*see* ¶¶ 53-66) do not reference its restructuring by the German government. *See* "Ad-hoc Release: Restructuring package for IKB substantiated – Revised annual financial statements 2006/2007 approved – Forecast estimate revised," IKB (Feb. 16, 2008), https://www.ikb.de/uploads/media/08_02_16_PME_Adhoc_Massnahmenpaket.pdf.  To the extent the SEC seeks to introduce evidence or arguments relating to IKB's restructuring, the arguments herein are equally applicable.

2

the proposition that "[t]he SEC does not need to prove investor reliance, loss causation, or damages in an action under Section 10(b) of the Exchange Act, Rule 10b-5, or Section 17(a) of the Securities Act."). Evidence and argument concerning the failures of ACA and ABN are, therefore, inadmissible.

## II. IT WOULD BE UNFAIRLY PREJUDICIAL TO ATTEMPT TO LINK THE FAILURES OF ACA AND ABN TO ABACUS 2007-AC1

Evidence and argument offered to attempt to tie the failures of ACA and ABN to AC1 must also be precluded under Federal Rule of Evidence 403 because of the very real risk of "unfair prejudice, confusing the issues, [and] misleading the jury." FRE 403; *see also United States v. Bermudez*, 529 F.3d 158, 170 (2d Cir. 2008); *Kinsey v. Cendant Corp.*, 588 F. Supp. 2d 516, 518-19 (S.D.N.Y. 2008).

There is no purpose to suggesting that AC1 contributed to the financial difficulties of ACA and ABN other than to trigger an inappropriate emotional basis for the jury to find Mr. Tourre liable. The jury may be misled into believing that the failures of both entities—no doubt resulting in real harm to their employees and other stakeholders—were caused by some wrongdoing, and that someone, in the person of Mr. Tourre, who will be the only defendant before the jury, should be punished.

That clearly would be a wholly inappropriate result, not least because the SEC has never elicited evidence from any fact or expert witness to connect the failure of ACA and ABN to the AC1 transaction. To the contrary, as the Amended Complaint pleads, ACA entered into approximately $69 *billion* of credit default swaps, an enormous figure that dwarfs the approximately $900 million exposure it undertook on the AC1 portfolio. *See* Am. Compl. ¶ 72. Given the massive scale of ACA's CDS exposures, it would be unfairly prejudicial to allow the SEC to invite the jury to infer that AC1 had anything to do with the firm's ultimate collapse.

3

Likewise, there is no plausible argument that the AC1 transaction was a cause of the collapse and government-takeover of ABN, which the SEC acknowledges was "one of the largest banks in Europe during the relevant period." Am. Compl. ¶ 69.

Notably, even where loss is an element of the cause of action, which it is not here, evidence of purported losses is excluded when there is no plausible evidence connecting the loss to the alleged wrongdoing. *See, e.g.*, *Point Productions A.G. v. Sony Music Entertainment, Inc.*, 215 F. Supp. 2d 336, 345-46 (S.D.N.Y. 2002) (granting motion in limine to preclude evidence of damages at trial related to bankruptcy because, given absence of expert testimony that plaintiff would have remained solvent absent the breach, damages were "highly speculative and insufficiently reliable to allow a jury to consider it"). Thus, any speculation about the causes of ACA and ABN's collapses must be excluded.

**CONCLUSION**

For all the foregoing reasons, Fabrice Tourre respectfully requests that this Court preclude the SEC from referencing, eliciting or introducing into evidence at trial arguments or evidence to attempt to suggest that the collapse of ACA Capital Holdings, Inc. and ABN AMRO Bank N.V. during the financial crisis was somehow caused, in whole or in part, by their respective exposures to the ABACUS 2007-AC1 CDO.

Dated: May 29, 2013
      New York, New York

Respectfully submitted,

/s/ Pamela Rogers Chepiga
Pamela Rogers Chepiga
(pamela.chepiga@allenovery.com)
Andrew Rhys Davies
(andrew.rhys.davies@allenovery.com)
Brandon D. O'Neil
(brandon.o'neil@allenovery.com)

ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, New York  10020
(212) 610-6300

John P. Coffey
(seancoffey78@gmail.com)

LAW OFFICE OF JOHN P. COFFEY
1350 Avenue of the Americas, 2nd Floor
New York, New York  10019
(646) 790-8988

*Attorneys for Fabrice Tourre*