UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
:
SECURITIES AND EXCHANGE :
COMMISSION, :
:
                            Plaintiff, :
:
         -v- :
:
FABRICE TOURRE, :
:
                         Defendant. :
------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 0 4 2013

10 Civ. 3229 (KBF)

ORDER

KATHERINE B. FORREST, District Judge:

    The Court has received a letter motion dated May 21, 2013, from defendant Fabrice Tourre requesting that discovery be reopened for the purpose of compelling the production of certain impeachment materials. The materials at issue relate to the head of ACA's CDO management business, Laura Schwartz. ACA is a non-party in the instant litigation.

    The SEC opposed defendant's motion by letter dated May 24, 2013. The Court also received a letter dated May 24, 2013, from Robin Alperstein, counsel for Schwartz. The parties also submitted answers responding to the Court's fill-in-the-blank order of May 22, 2013 (ECF No. 279).

    Fact discovery in this matter closed in on May 31, 2011. In connection with significant motion practice and a hearing relating to what is referred to as the "January 17 call," the Court reopened discovery for purposes limited to allowing Tourre to meet that evidence. Based upon the submissions of the parties with respect to the instant motion, it appears that Tourre did not request the materials

1

now in dispute until November 2012.[1] But even then, the matter was tabled and not raised with the Court when the parties were vigorously litigating whether to reopen discovery for the January 17 call. Trial in this matter is scheduled for July 15, 2013.[2]

The Court denies Tourre's request on the basis of timeliness, relevance, and undue confusion.

As to timeliness, this matter is so close to trial that additional discovery would need to have a high degree of direct relevance to the issues in this case before the Court would require production. They do not. As defendant concedes, these are impeachment materials and, as such, are not required to prove or disprove the substance of any claim or defense. Moreover, the materials sought — relating to Schwartz's receipt of a Wells notice from the SEC — would create confusion with the jury and risk the creation of a trial within a trial. The jury would need to understand what a Wells notice is and the nature of the charges; plaintiff would potentially need to address the charges further. Thus, Federal Rule of Evidence 403 also supports the Court's denial of this discovery request.

Finally, the Court notes that Schwartz's counsel has set forth additional facts supportive of denial of the requested relief:

> Ms. Schwartz had no knowledge of that unrelated investigation until mid-2011, well after her testimony in this matter. Ms. Schwartz appeared for a full day of investigative testimony in 2008 in the context of the Abacus investigation and for two days of deposition by Mr. Tourre and the SEC in April 2011. She also

---

[1] The parties' responses to the Court's fill-in-the-blank order indicated that the materials at issue were created in 2008, 2012, and 2013.

[2] Tourre does not assert that the materials are necessary to meet the January 17 call.

2

>submitted a sworn declaration in January 2010 in response to questions the SEC posed to her after completion of her investigative testimony. No reason exists to believe that Ms. Schwartz will deviate from two rounds of sworn testimony and a sworn declaration.

Letter from Robin L. Alperstein to the Court (May 24, 2013).

Tourre has had ample opportunity to obtain substantive discovery from Schwartz. His motion to compel additional impeachment materials is denied.

SO ORDERED.

Dated:     New York, New York
           June 4, 2013

_____
KATHERINE B. FORREST
United States District Judge