UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : |
| | : |
| Plaintiff, | : |
| | : 10 Civ. 3229 (KBF) |
| v. | : |
| | : ECF Case |
| FABRICE TOURRE, | : |
| | : |
| Defendant. | : |

**SEC'S MEMORANDUM IN SUPPORT OF ITS MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT ABOUT OTHER LITIGATION**

Plaintiff, the Securities and Exchange Commission ("SEC"), respectfully submits this Memorandum in Support of Motion *In Limine* to Preclude Evidence or Argument About Other Litigation.

**PRELIMINARY STATEMENT**

This case concerns Fabrice Tourre's fraud in the structuring and marketing of the ABACUS 2007-AC1 collateralized debt obligation ("CDO") transaction. Tourre's counsel has indicated the intent to offer evidence and argument in this trial concerning allegations from another lawsuit involving different entities and unrelated structured financial products. In particular, when deposing SEC expert Ira Wagner, Tourre's counsel questioned Mr. Wagner about a complaint filed in New York state court against Mr. Wagner's former employer, Bear Stearns & Co. Inc. ("Bear Stearns") and its successor-in-interest J.P. Morgan Securities LLC ("JPM Securities"), concerning CDO portfolios selected by ACA and another collateral manager, for which CIFG Assurance North America, Inc. ("CIFG") allegedly agreed to sell credit default swaps ("CDS") protection. *See* Wagner Dep. at 90-99 (Ex. 1), Wagner Dep. Ex. 14 (CIFG Complaint) (Ex. 2). The allegations in that complaint are inadmissible hearsay and the introduction of another lawsuit into this matter would confuse and mislead the jury and be

1

unduly prejudicial to the SEC.  Accordingly, the SEC respectfully submits that Tourre should be precluded from injecting the CIFG (or any other) lawsuit into this proceeding.

## BACKGROUND

On November 26, 2012, CIFG sued JPM Securities, formerly known as Bear Stearns, for an alleged "fraudulent scheme to induce CIFG to provide financial guaranty insurance on CDS guaranteeing senior tranches of two collateralized debt obligations ("CDOs") – ACA ABS CDO 2006-2 Ltd. ("ACA 2006-2") and Libertas Preferred Funding II, Ltd. ("Libertas II").  (CIFG Complaint, Ex. 2 at 1.)  CIFG alleges that "ACA 2006-2 and Libertas II were created by Bear Stearns to transfer the risk on numerous *toxic* residential mortgage-backed securities ("RMBS") on [Bear Stearns'] books to investors and insurers like CIFG."  *Id*. (emphasis added).[1]  CIFG alleges that the assets for these CDOs were not selected by collateral managers – namely, ACA Management, LLC ("ACA") and Strategos Capital Management, LLC ("Strategos") – but, instead, by Bear Stearns, which "not only stocked the CDOs with toxic RMBS but also profited from short positions in took against the CDOs' portfolios."  *Id.* at 2.  CIFG's complaint proceeds to discuss fraud allegations in a related lawsuit "recently filed by the New York Attorney General," *id*., refers to a recently settled SEC lawsuit involving other Bear Stearns funds and certain Bear Stearns' fund managers, *id*. at 3, 17, and other private lawsuits against Bear Stearns and these fund managers.  *Id*. at 17.  The CIFG Complaint does not name Mr. Wagner as a defendant or otherwise identify Mr. Wagner in any of the allegations.  While Mr. Wagner acknowledged at his February 5, 2013 deposition that the ACA 2006-2 and Libertas II CDOs were put together by bankers working under his supervision at Bear Stearns, Wagner Dep. at 99, Mr. Wagner testified he was unaware of the CIFG lawsuit and allegations, *id.* at 95, had never been contacted about being a fact witness in the CIFG lawsuit, *id*. at 98, and does not know how the portfolios were put together,. *id*. at 98.

---

[1]     The CIFG complaint makes innumerable references to "toxic" RMBS or CDO assets.

## LEGAL STANDARD

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmeri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996) (internal quotation marks omitted).

## ARGUMENT

The allegations of the CIFG complaint are inadmissible hearsay that do not satisfy any exception to the hearsay rule. What is more, the allegations made in the CIFG complaint are irrelevant to this lawsuit. At the same time, those allegations would be unduly prejudicial to the SEC and, if admitted, would give rise to a risk of a trial within a trial as the SEC attempted to rebut the taint, if any, on the SEC's expert, Ira Wagner. Accordingly, the SEC requests that Tourre be precluded from introducing or referencing the complaint or allegations from the CIFG lawsuit (or any other structured product lawsuit) during the trial of this matter.

### A.  The CIFG Complaint Is Inadmissible Hearsay.

Federal Rule of Evidence 802 provides that, as a general matter, hearsay statements are inadmissible. Hearsay is defined as an out-of-court statement "offer[ed] in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). As courts in this district and elsewhere have frequently recognized, complaints in other lawsuits are classic examples of inadmissible hearsay. *See*, *e.g.*, *Richmond v. Gen'l Nutrition Centers Inc.*, No. 08 Civ. 3577(PAE)(HBP), 2012 WL 762307, *9 (S.D.N.Y. Mar. 9, 2012) (precluding introduction of other, unrelated lawsuits because complaints are inadmissible hearsay); *Rivera v. Metro. Transit Auth.*, 750 F. Supp. 2d 456, 461 (S.D.N.Y. 2010) (unsworn statement in complaint in another lawsuit is inadmissible hearsay); *Gaffney v. Dept. of Info. Tech. & Telecomms.*, 579 F. Supp. 2d 455, 459 (S.D.N.Y. 2008) (evidence concerning plaintiff's prior lawsuits was inadmissible hearsay). Likewise, the allegations in the CIFG complaint – and any other complaints unrelated to this litigation (whether concerning conduct by ACA, Bear Stearns, or any other third-party

entity) – are inadmissible hearsay about conduct that cannot be subjected to cross-examination in this trial.  Accordingly, those complaints should not be admitted in this trial.

### B.  The CIFG Complaint Is Irrelevant and Unduly Prejudicial.

The CIFG complaint should also be precluded from this trial because it is irrelevant and unduly prejudicial.  As Judge Scheindlin recently recognized, "[r]eferences to other lawsuits including their factual allegations and evidence are inadmissible" because they are irrelevant. *Abu Dhabi Comm. Bank v. Morgan Stanley & Co., Inc.*, No. 08 Civ. 7508(SAS), 2013 WL 1155420, at *7 (S.D.N.Y. Mar. 20, 2013).

More importantly, whatever probative value the allegations against Bear Stearns (or ACA or any other entity) may have is substantially outweighed by the risk of confusing and misleading the jury and unfairly prejudicing the SEC's case.  *See* Fed. R. Evid. 403; *Abu Dhabi Comm. Bank*, 2013 WL 1155420, at *7 & n.69 ("[A]ny probative value of references to [other litigations] is substantially outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, and waste of time under FRE 403[.]") (quoting *Park W. Radiology v. CareCore Nat. LLC,* 675 F. Supp. 2d 314, 330 (S.D.N.Y. 2009)); *Richmond*, 2012 WL 762307, *9 (precluding evidence of other, unrelated lawsuits because risk of unfair prejudice and confusion outweighs probative value under FRE 403); *Gaffney*, 579 F. Supp. 2d at 459  (precluding evidence concerning plaintiff's prior lawsuit that is "for the most part irrelevant to this matter and potentially confusing to the jury"); *Chapple v. Fahnestock & Co., Inc.*, No. 03–4989 (TLM), 2010 WL 3118638, *1 (E.D.N.Y. Aug. 5, 2010) (holding that "the trial of this matter is to focus on the facts of the case, not the litigation history of other lawsuits" and "[a]ny probative value that the details of the proceedings in those lawsuits might have is substantially outweighed by the danger of unfair prejudice were those details to be presented to the jury").

As the Second Circuit has noted, "courts are reluctant to cloud the issues in the case at trial by admitting evidence relating to previous litigation involving one or both of the same parties." *Arlio v. Lively*, 474 F.3d 46, 52 (2d Cir. 2007).  This reluctance should be all the

stronger when the litigation involves non-party witnesses and concerns entirely distinct transactions and circumstances.  In that circumstance, admission of the evidence regarding the other lawsuit risks creating a trial within a trial concerning the facts and circumstances of that other case while shedding little, if any, light on the allegations at hand.

## CONCLUSION

For the reasons set forth above, the Court should grant the Commission's motion *in limine* and preclude evidence or argument about litigation concerning unrelated structured product transactions.

Dated:  June 11, 2013

Respectfully submitted,

/s/ *Christian D. H. Schultz*
Matthew T. Martens
Richard E. Simpson
Christian D. H. Schultz
Attorneys for Plaintiff
Securities and Exchange
Commission
100 F Street, N.E.
Washington, D.C. 20549
(202) 551-4740 (Schultz)
(202) 772-9292 (fax)
schultzc@sec.gov

## CERTIFICATE OF SERVICE

I certify that on June 11, 2013, I directed the foregoing SEC Memorandum of Law in Support of Its Motion *In Limine* to Preclude Evidence or Argument About Other Litigation to be filed using the CM/ECF system, which will send notification of such filing to the following email address:

Pamelachepiga@allenovery.com
Pamela Rogers Chepiga
Allen & Overy LLP
1221 Avenue of the Americas
New York, New York 10020
Attorney for defendant Fabrice Tourre


John Patrick Coffey
Law Offices of John P. Coffey
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
seancoffey78@gmail.com


/s/ *Christian D. H. Schultz*
Christian D. H. Schultz