UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
SECURITIES AND EXCHANGE COMMISSION,                               :
                                                                  :
                    Plaintiff,                                    :
                                                                  :  Civil Action No. 10-cv-3229
          -against-                                               :  (KBF)
                                                                  :
FABRICE TOURRE,                                                   :  ECF Case
                                                                  :
                    Defendant.                                    :
                                                                  :
------------------------------------------------------------------X

## NON-PARTY KEITH GORMAN'S MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO QUASH TRIAL SUBPOENA

KASOWITZ, BENSON, TORRES & FRIEDMAN LLP
1633 Broadway
New York, New York 10019
Telephone: (212) 506-1700
Facsimile: (212) 506-1800

*Attorneys for Non-Party Keith Gorman*

Non-party Keith Gorman respectfully submits this memorandum of law in support of his motion, pursuant to Rule 45(c)(3)(A)(ii) of the Federal Rules of Civil Procedure, to quash the trial subpoena served on him by defendant Fabrice Tourre, on the grounds that the subpoena will require him to appear at the trial when he does not reside, work or regularly transact business within 100 miles of the trial.[1]

## FACTS

On May 10, 2011, Gorman, a former employee of non-party ACA Capital, Inc., testified in this action in a deposition noticed by Tourre, during which he was questioned by counsel for Tourre and by counsel for the SEC. (Gorman Decl. ¶¶ 2, 3.)[2] When Gorman was served with Tourre's trial subpoena, he resided in New York City. (*Id.* ¶ 4.) Gorman now resides and works in the United Kingdom. (*Id.* ¶ 5.) On February 11, 2013, Gorman began a two-year employment with DBRS Ratings Limited in London. (*Id.*) As of the trial date, July 15, 2013, Gorman will continue to reside and work in the United Kingdom. (*Id.*) Gorman does not and will not regularly transact business in person in New York. (*Id.*)

## ARGUMENT

Rule 45(c)(3)(A)(ii) mandates that a subpoena be quashed if it "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person." Under the plain language of the Rule, the subpoena served on Gorman must be quashed because he is "neither a party nor a party's officer" and it requires him to travel more than 100 miles from London, where he resides, is employed and regularly transacts business in person. *See also Comm-Tract Corp. v. Northern*

---

[1] Submitted herewith in support of the motion is the declaration of Keith Gorman, dated June 17, 2013 ("Gorman Decl."). A copy of the subpoena is attached as Exhibit A to the Gorman Decl.

[2] On May 12, 2009, Gorman also was deposed by the SEC in its investigation of ABACUS. (Gorman Decl. ¶ 3.)

*Telecom, Inc.*, 168 F.R.D. 4, 7 (D. Mass. 1996) (whether a subpoena must be quashed under the Rule is determined by the witness's location at the "time when the witness is to appear, not the time when he is served.").

Moreover, under 28 U.S.C. § 1783, a court may compel a "national or resident of the United States who is in a foreign country" to appear before it only where it is (i) "necessary in the interest of justice" and (ii) "not possible to obtain his testimony in admissible form without his personal appearance."  28 U.S.C. § 1783.  Here, Gorman's "testimony in admissible form" has already been "obtain[ed]" -- he was deposed in this action (Gorman Decl. ¶ 3) -- and, under Section 1783, the Court therefore is not authorized to compel his appearance.  *See Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Ams.*, 262 F.R.D. 293, 305 (S.D.N.Y. 2009) (because witnesses were "deposed in [the] case," movant "cannot meet the [second] requirement of 28 U.S.C. 1783").

## CONCLUSION

For the foregoing reasons, Gorman respectfully requests that the Court quash the subpoena requiring him to appear at trial.

Dated: New York, New York
       June 17, 2013

                               KASOWITZ, BENSON, TORRES & FRIEDMAN LLP

                               By: /s/ Trevor J. Welch
                                   Trevor J. Welch (twelch@kasowitz.com)
                                   Kara F. Headley (kheadley@kasowitz.com)
                               1633 Broadway
                               New York, NY  10019
                               (212) 506-1700

                               *Attorneys for Non-Party Keith Gorman*