UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

───────────────────────────────────────────

SECURITIES AND EXCHANGE COMMISSION,

                    Plaintiff,

             v.

FABRICE TOURRE,

                    Defendant.

10 Civ. 3229 (KBF)

ECF Case

───────────────────────────────────────────

**SEC'S MEMORANDUM OF LAW IN SUPPORT OF
ITS MOTION *IN LIMINE* TO PRECLUDE ARGUMENT
OR EVIDENCE PERTAINING TO STATEMENTS BY
GOVERNMENT REGULATORS ABOUT THE HOUSING MARKET**

      Plaintiff U.S. Securities and Exchange Commission (the "SEC") respectfully submits this memorandum of law in support of its motion *in limine* to preclude defendant Fabrice Tourre from presenting argument or evidence at trial pertaining to statements by government regulators about the subprime housing market. For the reasons stated below, the Court should grant the SEC's motion.

**PRELIMINARY STATEMENT**

      This case is about a fraud by defendant Fabrice Tourre and his employer, Goldman Sachs & Co. ("GS&Co"), in the offer and sale of securities and security-based swap agreements in the CDO at issue: ABACUS 2007-AC1 ("AC1").[1] Tourre has signaled an intention to present at trial argument and evidence pertaining to statements by present and former government regulators about the subprime housing market. Such statements are inadmissible hearsay,

───────────────────────────────────────────

[1] The SEC's Memorandum of Law in Support of its Motion for Partial Summary Judgment (Dkt. 192) contains a more complete description of the facts about AC1.

irrelevant, prejudicial and confusing.  The Court should preclude Tourre from referring to them in the form of argument or evidence at trial.

## BACKGROUND

The SEC alleges misstatements and omissions by Tourre about the role of Paulson & Co., Inc. ("Paulson") in the structuring and marketing of AC1.  Specifically, the SEC has alleged that Tourre deceived investors regarding the role of Paulson, a short investor in the AC1 reference portfolio, in the selection of that portfolio.

In the deposition of Paulson investment manager Paolo Pellegrini, counsel for Tourre asked questions about whether his view of the subprime housing market was contrary to the views of Alan Greenspan, Benjamin Bernanke and Henry Paulson in early 2007.  For example, defense counsel asked Pellegrini about a *Bloomberg* article entitled "Greenspan Says Worst of U.S. Housing Slowdown Is Over."

> Q.  Mr. Pellegrini, according to Bloomberg, Alan Greenspan, the long-term Federal Reserve chairman said at a conference in Toronto on February 14, 2007 that, "As to the housing slowdown, 'I think the worst is behind us.'"
>
> Was that contrary to your view on February 14, 2007?
>
> A.  Yes, it was.
>
> . . . .
>
> Q.  According to Bloomberg, on January 31st, the Fed, after a meeting of the Federal Open Market Committee, made a public statement that the housing market was showing some tentative signs of stabilization.
>
> Did you share that view . . . that the housing market was showing signs of stabilization?
>
> MR REISNER:  Objection.  Foundation, relevance.
>
> A.  No.  We did not share that view.

\* \* \* \*

>    Q.  If you look at the third and fourth paragraphs of that news release, do you see quotations from US treasury secretary Henry Paulson?
>
>    A.  Yes.
>
>    Q.  And is Mr. Paulson quoted as saying, "We have had a significant housing correction in the US.  You can't have a correction like that without causing some dislocations.  It's too early to tell whether it's bottomed.  I believe it has.
>
>    "The US treasury chief said, 'It shouldn't be a surprise to anyone that there is some fallout in the subprime mortgage market . . . but it's largely contained.'"
>
>    Do you see that report of US treasury secretary Paulson's remarks in the Reuters news release?
>
>    MR. REISNER:  Objection.  Foundation relevance.
>
>    A.  I do.  (3/15/11 Pellegrini Dep. at 233-36)

By means of the testimony of Pellegrini and a couple of news articles,[2] Tourre apparently intends to present at trial argument and evidence pertaining to public statements by present and former government regulators about the housing market.  The Court should preclude such statements as inadmissible hearsay and irrelevant.

## STANDARD OF REVIEW

"The purpose of an *in limine* motion is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Palmeri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996); *accord Island Intellectual Property LLC v. Deutsche Bank AG*, Case No. 09-cv-2675 (KBF), 2012 WL 526722, at *1 (S.D.N.Y. Feb. 14, 2012)(same); *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984) ("[a]lthough the Federal Rules of Evidence do

---

[2] The news articles are DX-1506, a *Bloomberg* article entitled "Greenspan Says Worst of U.S. Housing Slowdown is Over," and DX-1507, a *Reuters* article entitled "Housing Woes not Affecting Economy:  Paulson."

3

not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials").

**ARGUMENT**

    **I.**    **The Court Should Preclude Argument and Evidence Pertaining to the Statements of Government Regulators About the Housing Market.**

The Court should preclude the proposed evidence concerning the statements of present and former government regulators about the subprime housing market because such statements are inadmissible hearsay. Rule 801 of the Federal Rules of Evidence defines hearsay as an out-of-court statement that "a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Hearsay is inadmissible unless an exception to the general rule of exclusion applies. Fed. R. Evid. 802.

Alan Greenspan, Benjamin Bernanke and Henry Paulson do not appear on Tourre's witness list and therefore will not testify in the current trial about their views in early 2007 regarding the housing market. Instead, the defense apparently intends to offer evidence of what these government regulators purportedly said in early 2007 by introducing news articles recounting such. To the extent that these news articles are offered for their truth – that is, to prove that the government officials made the alleged statements or had particular views of the housing market – the news articles are classic hearsay not subject to any exception to the general rule of exclusion. Accordingly, the news articles are inadmissible. *Instinet Inc. v. Ariel (UK) Ltd.*, Case No. 08-cv-7141(JFK), 2012 WL 4195391, at *6 (S.D.N.Y. Sept. 20, 2012) ("[b]ecause these articles are statements by declarants while not 'testifying at the current trial or hearing,' and are offered 'to prove the truth of the matter asserted in those articles . . . these articles are hearsay"); *Public Employees' Retirement Sys. of Mississippi v. Merrill Lynch & Co.*, 277 F.R.D.

97, 118 (S.D.N.Y. 2011) ("[t]he 'evidence' relied on by Defendants . . . is largely inadmissible hearsay drawn from various news articles and public reports").

The news articles should be precluded for the additional reason that they are not relevant. Rule 401 defines "relevant evidence" as that "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. What government regulators believed about the subprime housing market in 2007 has nothing to do with the facts of consequence to the determination of this action, which concerns a fraud by Tourre in concealing from investors the economic interest and role of Paulson in AC1.

Even if the statements of government regulators were relevant, they should be precluded pursuant to the Rule 403 balancing test between probative value and unfair prejudice, confusion of the issues, or misleading the jury. *United States v. Beech-Nut Nutrition Corp.*, 871 F.2d 1181, 1193 (2d Cir. 1989) (Rule 403 "gives the trial court broad discretion to exclude even relevant evidence if its probative value is substantially outweighed by the danger of confusion of the issues or if it would be needlessly cumulative"); *accord United States v. Bermudez*, 529 F.3d 158, 161 (2d Cir. 2008); *City of New York v. Pullman Inc.*, 662 F.2d 910, 915 (2d Cir. 1981). Compelling the jury to hear argument and evidence about what Alan Greenspan, Benjamin Bernanke and Henry Paulson said concerning the subprime housing market would divert the jury's attention from the issues at hand and waste the time of all participants in this trial. *Cole Systems Associates, Inc. v. Municipal Emergency Services, Inc.*, Case No. 08-cv-6417(BSJ), 2010 WL 4942229, at *2 (S.D.N.Y. Dec. 3, 2010) (court precluded evidence because extraneous subjects would "become an issue and engender a trial within a trial"). The issues in this case

concern Tourre's conduct with regard to the AC1 transaction. It is that transaction, and not the financial system writ large, that should be the focus of this trial.

## CONCLUSION

Introducing the statements of present or former government regulators about the subprime housing market would have no proper legal basis. Such statements are inadmissible hearsay and irrelevant. Even if they had minimal relevance, it is outweighed by the dangers of unfair prejudice, confusion of the issues, and misleading the jury. Pursuant to Rules 401, 403 and 802, the Court should preclude Tourre from presenting argument or evidence pertaining to the statements of government regulators about the housing market.

Dated: Washington, D.C.
June 18, 2013

Respectfully submitted,

*Richard E. Simpson*
Matthew T. Martens
Richard E. Simpson
Christian D. H. Schultz
Bridget Fitzpatrick
Attorneys for Plaintiff
Securities and Exchange
Commission
100 F Street, N.E.
Washington, D.C. 20549
(202) 551-4481 (Martens)
(202) 772-9292 (fax)
martensm@sec.gov