**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | : : : :   Civil Action : :   No.: 10-cv-3229 (KBF) : : :   ELECTRONICALLY FILED : : : : : : : |
| Plaintiff, | |
| v. | |
| FABRICE TOURRE, | |
| Defendant. | |

**MEMORANDUM OF LAW OF FABRICE TOURRE IN OPPOSITION TO**
**KEITH GORMAN'S MOTION TO QUASH THE TRIAL SUBPOENA**

Pamela Rogers Chepiga
Andrew Rhys Davies
Brandon D. O'Neil
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, New York  10020
(212) 610-6300

John P. Coffey
LAW OFFICE OF JOHN P. COFFEY
1350 Avenue of the Americas, 2nd Floor
New York, New York  10019
(646) 790-8988

*Attorneys for Fabrice Tourre*

Dated:   June 20, 2013
            New York, New York

Defendant Fabrice Tourre respectfully submits this memorandum of law, together with the supporting declaration of Pamela Rogers Chepiga ("Chepiga Decl."), in opposition to the motion of Keith Gorman to quash the trial subpoena served by Mr. Tourre on November 19, 2012 (the "Subpoena").

## ARGUMENT

Mr. Gorman, a U.S. citizen, does not, and cannot, dispute that the Subpoena was validly issued and served on November 19, 2012 while he was resident in New York City. Despite accepting service of the Subpoena some seven months ago, however, Mr. Gorman now claims that he should be relieved of his obligation to comply with its terms because he began a two-year secondment at his employer's office in London in February 2013, and that complying with the Subpoena would therefore require him to travel more than 100 miles in violation of Rule 45(c)(3)(A)(ii).  *See* Dkt. No. 333 (Gorman Decl.) at ¶ 5; *see also* Fed. R. Civ. P. 45(c)(3)(A)(ii). Mr. Gorman's argument is without legal support and his motion should therefore be denied.

The only case cited by Mr. Gorman, from the District of Massachusetts, concerned service of a subpoena on a witness at his mother's home after the serving party had been informed that he would be moving to Hong Kong that very day.  *See Comm-Tract Corp. v. Northern Telecom, Inc.*, 168 F.R.D. 4 (D. Mass. 1996).  Thus, counsel for plaintiff knew on the date of service that the witness would not reside within the jurisdiction of the court at the time of trial.  The court then determined that it would not require the witness to travel to Massachusetts to testify and ordered the parties to proceed with a deposition in Hong Kong.  Here, in stark contrast, Mr. Tourre had no indication that Mr. Gorman would move outside the jurisdiction of the Court, and did not learn that Mr. Gorman had moved to London until June 12, 2013, four months after he re-located, and just five weeks before trial.  *See* Chepiga Decl. ¶ 2.

Moreover, unlike *Comm-Tract*, a deposition of Mr. Gorman would not provide a sufficient remedy as Mr. Tourre will not complete his review of the newly produced ACA audio files, which include approximately 1,700 audio files from Mr. Gorman's recorded line at ACA, until the start of trial.  *See* Chepiga Decl. ¶ 3.  Nor should Mr. Tourre be forced to rely on a deposition taken over two years ago, before the existence of the ACA audio files was ever disclosed to Mr. Tourre.  Indeed, Mr. Tourre has already identified audio files on which Mr. Gorman appears that he intends to introduce at trial.  Moreover, the SEC has refused to confirm that it will not seek to introduce additional ACA audio files, other than the January 17 Call, at trial, thus raising the distinct possibility that even more calls with Mr. Gorman will be presented to the jury.  *See* Chepiga Decl. ¶ 4.  Mr. Gorman's prior deposition testimony is inadequate as it does not address the very evidence that has become central to this litigation.

In sum, it cannot be the law that a U.S. citizen, residing in the United States, may avoid compliance with a validly issued and served subpoena simply by moving outside of the court's jurisdiction.  Adopting Mr. Gorman's interpretation of Rule 45 would render any subpoena virtually meaningless and subject to nullity at the will of the subpoenaed party.  Such an approach should not be countenanced by this Court, and Mr. Gorman's motion to quash should be denied.

Should this Court grant Mr. Gorman's motion to quash, Mr. Tourre respectfully submits that any such order be conditioned on entry of an order directing the issuance and service of a subpoena on Mr. Gorman in London pursuant to 28 U.S.C. Section 1783.  Under Section 1783, this Court may issue a subpoena to a national or resident of the United States residing in a foreign country where the witness's testimony is "necessary in the interest of justice" and "it is not possible to obtain his testimony in admissible form without his personal

appearance[.]" 28 U.S.C. § 1783.  Here, Mr. Gorman is an essential witness appearing on ACA audio files critical to the defense of the claims asserted against Mr. Tourre.  As this Court has already noted with respect to other witnesses appearing on ACA audio files, the jury has the right to judge for itself the credibility of Mr. Gorman.  *See*, *e.g.*, Chepiga Decl. Ex. 1 (June 14, 2013 Tr. at 73:16-19) (noting that jury has right to determine whether witness "looks like a guy who just doesn't recall or a guy who is squirming around and doesn't recall").  Moreover, as discussed above, the prior deposition testimony of Mr. Gorman, taken before the existence of the ACA audio files was ever disclosed, is inadequate and does not address the evidence that is now central to this case.

    Finally, should this Court determine that Mr. Gorman will not be ordered to appear either pursuant to the Subpoena, or pursuant to this Court's authority under Section 1783, Mr. Tourre respectfully submits that (i) he should be granted substantial leeway as to those parts of Mr. Gorman's videotaped deposition testimony that he wishes to play at trial; (ii) he should be permitted to introduce any audio file on which Mr. Gorman appears; and (iii) the Court should provide a limiting instruction that Mr. Tourre sought to have Mr. Gorman testify at trial and that Mr. Gorman refused to appear.

## **CONCLUSION**

For all the foregoing reasons, Fabrice Tourre respectfully requests that the Court deny Mr. Gorman's motion to quash the subpoena.

Dated: June 20, 2013
      New York, New York

Respectfully submitted,

/s/ Pamela Rogers Chepiga
Pamela Rogers Chepiga
(pamela.chepiga@allenovery.com)
Andrew Rhys Davies
(andrew.rhys.davies@allenovery.com)
Brandon D. O'Neil
(brandon.o'neil@allenovery.com)

ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, New York  10020
(212) 610-6300


/s/ John P. Coffey
John P. Coffey
(seancoffey78@gmail.com)
LAW OFFICE OF JOHN P. COFFEY
1350 Avenue of the Americas, 2nd Floor
New York, New York  10019
(646) 790-8988

*Attorneys for Fabrice Tourre*

4