# Chepiga Decl. Ex. 2

# ReDavid, Frank:LT (NY)

| | |
|---|---|
| **From:** | Cheatham, Allie:LT (NY) |
| **Sent:** | Wednesday, December 19, 2012 2:28 PM |
| **To:** | 'Trevor J. Welch' |
| **Cc:** | Chepiga, Pamela:LT (NY); Davies, Andrew Rhys:LT (NY); O'Neil, Brandon:LT (NY) |
| **Subject:** | RE: SEC v. Tourre (0018147-0000152) |
| **Attachments:** | NY-#15773748-v1-Trial_Subpoena--Westreich.PDF |
| | |
| **Categories:** | Copied to Virtual File |

Trevor,

Further to your email below, attached please find a trial subpoena to Mr. Westreich.

Please let me know if you would also like me to send a hard copy of the subpoena.

Best regards,

Allie

---

**From:** Trevor J. Welch [mailto:TWelch@kasowitz.com]
**Sent:** Tuesday, December 18, 2012 3:50 PM
**To:** Cheatham, Allie:LT (NY)
**Cc:** Chepiga, Pamela:LT (NY); Davies, Andrew Rhys:LT (NY); O'Neil, Brandon:LT (NY)
**Subject:** RE: SEC v. Tourre (0018147-0000152)

Allie – I am authorized to accept service of a trial subpoena in the above action on behalf of Mr. Westreich.  Regards, Trevor


Trevor J. Welch
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
Tel. (212) 506-1767
Fax (212) 835-5067
TWelch@kasowitz.com

**From:** Trevor J. Welch
**Sent:** Monday, December 17, 2012 5:38 PM
**To:** Allie.Cheatham@AllenOvery.com
**Cc:** Pamela.Chepiga@AllenOvery.com; Andrew.Rhys.Davies@allenovery.com; Brandon.O'Neil@AllenOvery.com
**Subject:** RE: SEC v. Tourre (0018147-0000152)

Allie - I confirm that we represent Lucas Westreich.  I will advise you tomorrow whether we are authorized to accept a trial subpoena on his behalf.  I do not anticipate any issues.  Thanks for your patience.  Trevor

1

**From:** Allie.Cheatham@AllenOvery.com [mailto:Allie.Cheatham@AllenOvery.com]
**Sent:** Monday, December 17, 2012 5:30 PM
**To:** Trevor J. Welch
**Cc:** Pamela.Chepiga@AllenOvery.com; Andrew.Rhys.Davies@allenovery.com; Brandon.O'Neil@AllenOvery.com
**Subject:** RE: SEC v. Tourre (0018147-0000152)

Trevor,

Just checking in to see whether you have been able to confirm your representation of Lucas Westreich and if you are authorized to accept a trial subpoena on his behalf.

Allie

> **From:** Trevor J. Welch [mailto:TWelch@kasowitz.com]
> **Sent:** Wednesday, December 12, 2012 5:40 PM
> **To:** Cheatham, Allie:LT (NY)
> **Cc:** Chepiga, Pamela:LT (NY); Davies, Andrew Rhys:LT (NY); O'Neil, Brandon:LT (NY)
> **Subject:** RE: SEC v. Tourre (0018147-0000152)
>
> Allie – I need another day to get back to you on this.  Sorry for the delay.  Thanks, Trevor
>
>
> Trevor J. Welch
> Kasowitz, Benson, Torres & Friedman LLP
> 1633 Broadway
> New York, New York 10019
> Tel. (212) 506-1767
> Fax (212) 835-5067
> TWelch@kasowitz.com
>
> **From:** Allie.Cheatham@AllenOvery.com [mailto:Allie.Cheatham@AllenOvery.com]
> **Sent:** Tuesday, December 11, 2012 1:56 PM
> **To:** Trevor J. Welch
> **Cc:** Pamela.Chepiga@AllenOvery.com; Andrew.Rhys.Davies@allenovery.com; Brandon.O'Neil@AllenOvery.com
> **Subject:** RE: SEC v. Tourre (0018147-0000152)
>
> Trevor,
>
> Thank you for your email.
>
> The trial is scheduled to begin on July 15, 2013 and is expected to last for two to three weeks.
>
> Best regards,
>
> Allie
>
> > **From:** Trevor J. Welch [mailto:TWelch@kasowitz.com]
> > **Sent:** Tuesday, December 11, 2012 11:42 AM
> > **To:** Cheatham, Allie:LT (NY)
> > **Cc:** Chepiga, Pamela:LT (NY); Davies, Andrew Rhys:LT (NY); O'Neil, Brandon:LT (NY)
> > **Subject:** RE: SEC v. Tourre (0018147-0000152)

Allie – I'll get back to you on this tomorrow.  Please confirm the trial date.  Thanks, Trevor

Trevor J. Welch
Kasowitz, Benson, Torres & Friedman LLP
1633 Broadway
New York, New York 10019
Tel. (212) 506-1767
Fax (212) 835-5067
TWelch@kasowitz.com

**From:** Allie.Cheatham@AllenOvery.com [mailto:Allie.Cheatham@AllenOvery.com]
**Sent:** Monday, December 10, 2012 5:24 PM
**To:** Trevor J. Welch
**Cc:** Pamela.Chepiga@AllenOvery.com; Andrew.Rhys.Davies@allenovery.com; Brandon.O'Neil@AllenOvery.com
**Subject:** RE: SEC v. Tourre (0018147-0000152)

Dear Trevor,

Further to my email below, please confirm whether you are representing Lucas Westreich and whether you are authorized to accept service of a trial subpoena on his behalf.

Best regards,

Allie

_____

**From:**   Cheatham, Allie:LT (NY)
**Sent:**   Monday, December 03, 2012 6:12 PM
**To:**     'twelch@kasowitz.com'
**Cc:**     Chepiga, Pamela:LT (NY); Davies, Andrew Rhys:LT (NY); O'Neil, Brandon:LT (NY)
**Subject:**     SEC v. Tourre (0018147-0000152)

Dear Trevor,

We are currently in the process of serving trial subpoenas in SEC v. Tourre.  Can you please confirm that you are still representing Lucas Westreich and whether you are authorized to accept service of a subpoena on his behalf.

Best regards,

Allie

_____

**Allie Cheatham**
Litigation Associate
Allen & Overy LLP
www.allenovery.com

1221 Avenue of the Americas
New York, NY 10020
Direct  +1 (212) 756 1102
Fax  +1 (212) 610 6399
Main  +1 (212) 610 6300

-------------------------------------------------------------------------------------------------------------------------------------------------------

3

The foregoing e-mail may contain US tax advice. If so, please read the following carefully:

Unless otherwise expressly stated in the foregoing message, this advice was not intended or written to be used, and cannot be used, by any person for the purpose of avoiding US federal tax-related penalties that may be imposed with respect to the matters addressed.  Some of this advice may have been written to support the promotion or marketing of the transactions or matters addressed to persons other than our client.  For such advice, be advised that the advice was written to support the promotion or marketing of the transaction(s) or matter(s) addressed and if you are a person other than our client, you should seek advice based on your particular circumstances from an independent tax advisor.  In addition, unless expressly stated to the contrary in the foregoing message, nothing herein shall be construed to impose a limitation on disclosure by any person of the tax treatment or tax structure of any transaction that is addressed herein.

_____

This email is confidential and may also be privileged.  If you are not the intended recipient please delete it and notify us immediately by telephoning or e-mailing the sender.  You should not copy it or use it for any purpose nor disclose its contents to any other person.

Allen & Overy LLP
1221 Avenue of the Americas
New York, New York 10020
Tel: 212 610 6300
Fax: 212 610 6399
http://www.allenovery.com

Allen & Overy LLP is a limited liability partnership registered in England and Wales with registered number OC306763.  It is authorised and regulated by the Solicitors Regulation Authority of England and Wales.  Allen & Overy LLP is a multi-jurisdictional legal practice with lawyers admitted to practice in a variety of jurisdictions.
The term partner is used to refer to a member of Allen & Overy LLP or an employee or consultant with equivalent standing and qualifications. A list of the members of Allen & Overy LLP and of the non-members
who are designated as partners is open to inspection at its registered office, One Bishops Square London E1 6AD and at the above address.

For further information about how Allen & Overy LLP is regulated, please see our website at
www.allenovery.com/aoweb/legal

This e-mail and any files transmitted with it are confidential and may be subject to the attorney-client privilege. Use or disclosure of this e-mail or any such files by anyone other than a designated addressee is unauthorized. If you are not an intended recipient, please notify the sender by e-mail and delete this e-mail without making a copy.

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Securities and Exchange Commission <br> *Plaintiff* <br> v. <br> Fabrice Tourre <br> *Defendant* | ) <br> ) <br> ) Civil Action No. 10-cv-3229 (KBF) <br> ) <br> ) |

## SUBPOENA TO APPEAR AND TESTIFY
## AT A HEARING OR TRIAL IN A CIVIL ACTION

To: Lucas Westreich, c/o Trevor J. Welch, Esq., Kasowitz, Benson, Torres & Friedman LLP, 1633 Broadway, New York, NY 10019

**YOU ARE COMMANDED** to appear in the United States district court at the time, date, and place set forth below to testify at a hearing or trial in this civil action. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: Daniel Patrick Moynihan, United States Courthouse <br> 500 Pearl Street <br> New York, NY 10007-1312 | Courtroom No.: 15A |
| --- | --- |
| | Date and Time: 07/15/2013 10:00 am |

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Fed. R. Civ. P. 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: 12/19/2012

*CLERK OF COURT*

OR

_____        _____/s/_____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)* ____Fabrice Tourre____
_____, who issues or requests this subpoena, are:

Josephine A. Cheatham, Esq., Allen & Overy LLP, 1221 Avenue of the Americas, New York, NY 10020;
Tel: 212-756-1102; Email: allie.cheatham@allenovery.com

AO 88 (Rev.07/10) Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (page 2)

Civil Action No. 10-cv-3229 (KBF)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $    0.00    .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

   **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

   **(2)** *Command to Produce Materials or Permit Inspection.*

      **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

      **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

         **(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

         **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

   **(3)** *Quashing or Modifying a Subpoena.*

      **(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

         **(i)** fails to allow a reasonable time to comply;

         **(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

         **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

         **(iv)** subjects a person to undue burden.

      **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

         **(i)** disclosing a trade secret or other confidential research, development, or commercial information;

         **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

         **(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

      **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

         **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

         **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

   **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

      **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

      **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

      **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

      **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

   **(2)** *Claiming Privilege or Protection.*

      **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

         **(i)** expressly make the claim; and

         **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

      **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).