UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
:
SECURITIES AND EXCHANGE :
COMMISSION, :
: Civil Action
: No.: 10-cv-3229 (KBF)
Plaintiff, :
: ELECTRONICALLY FILED
v. :
:
FABRICE TOURRE, :
:
Defendant. :
:
---------------------------------------------------------------x

**CONSOLIDATED MEMORANDUM OF LAW OF FABRICE TOURRE IN FURTHER SUPPORT OF HIS MOTIONS IN LIMINE TO PRECLUDE EVIDENCE AND ARGUMENT CONCERNING CAUSES OF THE FINANCIAL CRISIS AND RECESSION AND ATTEMPTING TO LINK ABACUS 2007-AC1 TO THE COLLAPSE  OF ACA AND ABN DURING THE FINANCIAL CRISIS**

Pamela Rogers Chepiga
Andrew Rhys Davies
Brandon D. O'Neil
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, New York  10020
(212) 610-6300

John P. Coffey
LAW OFFICE OF JOHN P. COFFEY
1350 Avenue of the Americas, 2nd Floor
New York, New York  10019
(646) 790-8988

*Attorneys for Fabrice Tourre*

Dated:   June 24, 2013
             New York, New York

# **TABLE OF CONTENTS**

**Page**

ARGUMENT ...................................................................................................................................1

I. THE SEC'S IRRELEVANT AND UNDULY PREJUDICIAL EVIDENCE AND
   ARGUMENT ABOUT ACA'S AND ABN'S LOSSES AND ACA'S
   COLLAPSE SHOULD BE PRECLUDED ........................................................................1

II. EVIDENCE AND ARGUMENT ABOUT THE FINANCIAL CRISIS MUST BE
    LIMITED TO PREVENT UNDUE PREJUDICE .............................................................3

CONCLUSION ................................................................................................................................4

Defendant Fabrice Tourre respectfully submits this memorandum of law in further support of his motions *in limine* to preclude the SEC from referencing, eliciting or introducing into evidence at trial arguments or evidence suggesting that Mr. Tourre, the ABACUS 2007-AC1 ("AC1") transaction or synthetic CDOs in general caused or contributed to the recent financial crisis and recession or that the collapse of ACA Capital Holdings, Inc. (together with relevant affiliates, "ACA") and ABN AMRO Bank N.V. ("ABN") during the financial crisis was somehow caused, in whole or in part, by their respective exposures to AC1.

## ARGUMENT

### I. THE SEC'S IRRELEVANT AND UNDULY PREJUDICIAL EVIDENCE AND ARGUMENT ABOUT ACA'S AND ABN'S LOSSES AND ACA'S COLLAPSE SHOULD BE PRECLUDED

The SEC seeks to introduce evidence and argument about ACA's supposed losses, ABN's losses and ACA's collapse. None of these issues is relevant to the SEC's claims remaining in this case, and there is no evidence ACA suffered any loss.

*First*, loss is not an element of any of the SEC's claims. ECF No. 302 (June 4, 2013 Op. & Order) at 17. Evidence and argument about alleged losses should therefore be excluded under FRE 402. The SEC cites three out-of-circuit cases (one unprecedential) that establish only the wholly irrelevant proposition that evidence of losses may be admitted in criminal mail fraud prosecutions to establish fraudulent intent, or at least that admission of such evidence in the particular circumstances of those cases was harmless error. *United States v. Cloud*, 680 F.3d 396, 402 (4th Cir. 2012); *United States v. Noel*, 502 F. App'x 284, 287-88 (4th Cir. 2012); *United States v. Copple*, 24 F.3d 535, 544-55 (3d Cir. 1994). The SEC has not cited any cases even addressing the admissibility of evidence of loss in cases applying the securities laws on which the SEC seeks to prevail here, let alone holding that such evidence should be admitted.

*Second*, there is no evidence that ACA has suffered any losses from the AC1 transaction.  Alan Roseman, the President and CEO of ACA Capital Holdings at the time of the transaction, testified that he was not aware of ACA suffering any loss on account of AC1.  Apr. 5, 2011 Alan Roseman Dep. Tr. (attached as Ex. 1 to the June 24, 2013 Decl. of Pamela Rogers Chepiga) 61:18-62:9 (stating, in response to the question whether ACA "suffer[ed] economic loss as a result of the super-senior investment" in AC1, "Not to my knowledge.").  The SEC, in directing the distribution of the Goldman settlement funds under the Fair Funds provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002, did not direct that any payment be made to ACA.  ECF No. 25 (July 20, 2010 Final Judgment) § 2.  Thus, unless and until the SEC adduces evidence that ACA actually suffered a monetary loss from its participation in the AC1 transaction, it should not be permitted to introduce argument about any supposed loss.

*Third*, the Court has bifurcated the SEC's claims with respect to ABN's issuance of protection on the super-senior tranches of AC1, dismissing the claims with respect to the completed transaction because it is a foreign transaction falling outside the ambit of the U.S. securities laws, and leaving only claims relating to the offer.  ECF No. 92 (June 10, 2011 Mem. & Order) at 27-28; ECF No. 302 (June 4, 2013 Op. & Order) at 22.  Permitting the SEC to introduce into evidence and argue to the jury that it should hold Mr. Tourre liable on the basis of the completed foreign transaction and the losses stemming therefrom would not only render the Court's rulings nugatory, but also would create precisely the conflict between domestic and foreign securities law that concerned the United States Supreme Court in *Morrison v. National Australia Bank*, 561 U.S. ----, 130 S. Ct. 2869, 2885-86 (2010).

*Fourth*, the SEC states that it "does not intend to offer evidence or argument that the AC1 transaction 'caused' the collapse of ACA or ABN" (ECF No. 313 (SEC Consol. Opp.

Br.) at 5), and notes in a footnote that it "does not intend to offer any evidence or argument concerning the ultimate demise of ABN" (*id.* at n.3), thus indicating that it will seek to offer evidence and argument about ACA's collapse. The collapse of ACA is not relevant to prove any element of any cause of action, and there has been no evidence developed in the course of this case to connect ACA's collapse with the AC1 transaction. The only purpose for including evidence and argument about it is plainly to play on the jury's sympathies, to the prejudice of Mr. Tourre. Such evidence and argument must be precluded under FRE 403.

## II. EVIDENCE AND ARGUMENT ABOUT THE FINANCIAL CRISIS MUST BE LIMITED TO PREVENT UNDUE PREJUDICE

At the June 10, 2013 status conference, the SEC represented that it would not seek to elicit evidence about the causes of the Great Recession and, on the basis of that representation, the Court issued an order granting Mr. Tourre's motion in limine regarding the financial crisis. ECF No. 326 (June 10, 2013 Conf. Tr.) at 28:10-30:6; ECF No. 309 (June 11, 2013 Order) at 1. Notwithstanding its representation and the Court's order, the SEC has filed a brief in opposition to that motion.

Under the guise of providing "context," the SEC seeks to introduce at trial emails in which Mr. Tourre allegedly discusses the state of the U.S. housing and mortgage markets for the purpose of showing his "knowledge and belief about the financial context in which the AC1 transaction was being marketed." ECF No. 313 (SEC Consol. Opp. Br.) at n.2. Mr. Tourre agrees that some evidence about the performance of the U.S. housing and mortgage markets, including differing projections of the likely future performance of those markets, will be necessary, but respectfully submits that the presentation of this evidence should be regulated to insure that it is not inflammatory or otherwise unduly prejudicial to Mr. Tourre.

## CONCLUSION

For all the foregoing reasons, Fabrice Tourre respectfully requests that this Court preclude the SEC from referencing, eliciting or introducing into evidence at trial arguments or evidence suggesting that Mr. Tourre, the ABACUS 2007-AC1 transaction or synthetic CDOs in general caused or contributed to the recent financial crisis and recession.

Dated: June 24, 2013
New York, New York

Respectfully submitted,

/s/ Pamela Rogers Chepiga
Pamela Rogers Chepiga
(pamela.chepiga@allenovery.com)
Andrew Rhys Davies
(andrew.rhys.davies@allenovery.com)
Brandon D. O'Neil
(brandon.o'neil@allenovery.com)

ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, New York  10020
(212) 610-6300


/s/ John P. Coffey
John P. Coffey
(seancoffey78@gmail.com)

LAW OFFICE OF JOHN P. COFFEY
1350 Avenue of the Americas, 2nd Floor
New York, New York  10019
(646) 790-8988

*Attorneys for Fabrice Tourre*