

UNITED STATES
SECURITIES AND EXCHANGE COMMISSION
100 F STREET NE
WASHINGTON, D.C. 20549-4010

MATTHEW T. MARTENS
CHIEF LITIGATION COUNSEL

DIVISION OF
ENFORCEMENT

DIRECT DIAL: (202) 551-4481
FACSIMILE:   (202) 772-9282

June 21, 2013

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: JUN 2 4 2013

<u>Via Electronic Mail (ForrestNYSDChambers@nysd.uscourts.gov)</u>

Honorable Katherine B. Forrest
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

RE:   <u>U.S. Securities & Exchange Commission v. Fabrice Tourre</u>
      Civil Action No. 10 CV 3229 (KBF)

Dear Judge Forrest:

Pursuant to Your Honor's Individual Practices 2(F) and Local Civil Rule 37.2, I write to request that the Court require the defense, in advance of the July 1 due date for the joint pretrial order, provide the SEC with a list of *all* ACA recordings that it intends to use at trial. I have corresponded and spoken by telephone with defense counsel in an effort to resolve this issue, but those efforts have proven unsuccessful. Given that the joint pretrial order is due to the Court one week from Monday, I thought it important to bring this matter to the Court's attention immediately.

In a brief filed yesterday in response to Keith Gorman's motion to quash his trial subpoena, the defense stated that it "will not complete [its] review of the newly produced ACA audio files . . . until the start of trial." (Dkt. No. 350, at 3). At the same time, the defense represented that defendant Tourre has "*already* identified audio files on which Mr. Gorman appears that he intends to introduce at trial." (*Id.* (emphasis added)). Similarly, the defense represented, in its brief in opposition to the motion to quash Mr. Westreich's trial subpoena, that it "has *already* identified (and intends to use at trial) additional audio files on which Mr. Westreich appears." (Dkt. No. 352, at 3 (emphasis added)). In addition, defense counsel represented to the Court that, as of last Friday, the defense was "about 70 percent through [their] review of the tapes." (Ex. A, 6/14/13 Hearing Tr. at 70).

The defense advised today that by the close of business on Monday it will provide the SEC with a list of the recordings that it intends to introduce in its case-in-chief based on its incomplete review of the recordings to date. However, the defense has not committed to provide a complete list to the SEC in advance of the July 1 deadline for the joint pretrial order.

The SEC does not believe that a continued addition of ACA recordings to the defense exhibit list up "until the start of trial" is consistent with this Court's scheduling order. The scheduling order provides that the joint pretrial order, which includes the parties' respective exhibit lists, is due on July 1. (Dkt. No. 259, at 2). The parties must confer and raise objections about the exhibits on those lists as part of the joint pretrial order. **Accordingly, the SEC respectfully requests that the Court direct the defense to disclose to the SEC those recordings that it intends to use at trial reasonably in advance of July 1.**

I also note that, in its brief in response to Mr. Gorman's motion, the defense represented to the Court that "the SEC has refused to confirm that it will not seek to introduce additional ACA audio files, other than the January 17 Call, at trial." (Dkt. No. 350, at 3). This is plainly incorrect. As the enclosed e-mail exchange shows, the SEC offered earlier this week to exchange with the defense today the lists of audio recordings that each side proposes to use at trial. (Ex. B). The SEC received no response to that offer prior to the defense filing.

Respectfully yours,

Matthew T. Martens
Chief Litigation Counsel

cc: All Counsel of Record (via electronic mail)

Enclosures

# Exhibit A

```
                                                                        1
     D6ersecm
 1   UNITED STATES DISTRICT COURT
 1   SOUTHERN DISTRICT OF NEW YORK
 2   ------------------------------x
 2
 3   SECURITIES EXCHANGE COMMISSION,
 3
 4              Plaintiff,
 4
 5         v.                              10 Civ. 3229 (KBF)
 5
 6   FABRICE TOURRE,
 6                                         Argument
 7              Defendant.
 7
 8   ------------------------------x
 8
 9                                         New York, N.Y.
 9                                         June 14, 2013
10                                         11:10 a.m.
10
11   Before:
11
12              HON. KATHERINE B. FORREST
12
13                                         District Judge
13
14
14
15              APPEARANCES
15
16
16
17   MATTHEW T. MARTENS
17   BRIDGET M. FITZPATRICK
18        Attorneys for Plaintiff
18
19
19   ALLEN & OVERY LLP
20        Attorneys for Defendant
20   BY:  ANDREW RHYS DAVIES
21        PAMELA R. CHEPIGA
21        BRANDON D. O'NEIL
22
22
23   JOHN P. COFFEY
23        Attorney for Defendant
24
25
                    SOUTHERN DISTRICT REPORTERS, P.C.
                             (212) 805-0300
```

```
                                                                 70
     D6ersecm
 1   employer would not want him to come here, and there has been no
 2   discussion about any costs, for him to take time off to fly
 3   here and to have lodging.  So we intend to move to quash if
 4   they do not.
 5            THE COURT:  When are you folks, and I'm going to hear
 6   from Ms. Chepiga, intending to --
 7            MS. HEADLEY:  Hopefully Monday or maybe later today,
 8   depending on how quickly I get back to the office.  He has been
 9   deposed twice, once in this action at least and once also in
10   connection with the SEC investigation.  So there is testimony
11   that could be used.
12            THE COURT:  Can you spell your last name.
13            MS. HEADLEY:  H-E-A-D-L-E-Y.
14            THE COURT:  Thank you, Ms. Headley.
15            Ms. Chepiga, this is really sort of a preview, because
16   they have not yet made their motion to quash, so you will have
17   a further opportunity to address any arguments they make.
18            MS. CHEPIGA:  Just as a heads-up, your Honor, his
19   deposition was taken by us through tapes, and his tapes are
20   being produced.  We had no opportunity to question him about
21   his tapes, which we are about 70 percent through our review of
22   the tapes.  We haven't finished it yet.  I assume that we would
23   use the tapes at trial to question him.
24            It is our understanding, I believe, from his
25   testimony, that unless he has changed his citizenship, he is a
                      SOUTHERN DISTRICT REPORTERS, P.C.
                                (212) 805-0300
```

# Exhibit B

| From: | Martens, Matthew |
|---|---|
| To: | "Andrew.Rhys.Davies@allenovery.com"; "Pamela.Chepiga@allenovery.com"; "Brandon.O"Neil@AllenOvery.com"; "seancoffey78@gmail.com" |
| Cc: | Simpson, Richard; Schultz, Christian; Fitzpatrick, Bridget; "Allie.Cheatham@AllenOvery.com" |
| Subject: | Re: SEC v. Tourre |
| Date: | Wednesday, June 19, 2013 12:58:20 PM |

Andrew,

We could meet on Monday to discuss voire dire and jury charge. Tuesday does not work for us to meet regarding exhibits and deposition designations, but we could do that on Wednesday.

As for recordings, we are happy to agree to a date on which we each side identifies the recordings that each side intends to use. We would propose that this occur on Friday, but we are open to suggestions on that point.

Regards,
--Matt

**From**: Andrew.Rhys.Davies@allenovery.com [mailto:Andrew.Rhys.Davies@allenovery.com]
**Sent**: Wednesday, June 19, 2013 12:17 PM
**To**: Martens, Matthew; Pamela.Chepiga@AllenOvery.com <Pamela.Chepiga@AllenOvery.com>; Brandon.O'Neil@AllenOvery.com <Brandon.O'Neil@AllenOvery.com>; seancoffey78@gmail.com <seancoffey78@gmail.com>
**Cc**: Simpson, Richard; Schultz, Christian; Fitzpatrick, Bridget; Allie.Cheatham@AllenOvery.com <Allie.Cheatham@AllenOvery.com>
**Subject**: Re: SEC v. Tourre

Matt:

Now that we have Judge Forrest's ruling, we propose to get you our supplemental exhibits and exhibit objections on Friday. Then we propose to have the meet and confer on the jury charge and voir dire on Monday and the meet and confer on the exhibits and deposition designations on Tuesday.

We have to respond to the motions to quash the Lucas Westreich and Keith Gorman subpoenas tomorrow. As ACA has now produced telephone recordings from their lines, to respond to these motions we need to know whether the SEC intends to use any ACA calls in addition to the January 17 call. Please would you let us know.

Regards,
Andrew

**From**: Martens, Matthew [mailto:MartensM@SEC.GOV]
**Sent**: Wednesday, June 19, 2013 11:48 AM
**To**: Davies, Andrew Rhys:LT (NY); Chepiga, Pamela:LT (NY); O'Neil, Brandon:LT (NY); 'seancoffey78@gmail.com' <seancoffey78@gmail.com>
**Cc**: Simpson, Richard <SimpsonR@SEC.GOV>; Schultz, Christian <SchultzC@SEC.GOV>; Fitzpatrick, Bridget <FitzpatrickBr@SEC.GOV>; Cheatham, Allie:LT (NY)
**Subject**: RE: SEC v. Tourre

Andrew,

Just following up as to a proposed time.

Regards,
--Matt

**From:** Martens, Matthew
**Sent:** Tuesday, June 18, 2013 7:05 PM
**To:** 'Andrew.Rhys.Davies@allenovery.com'; 'Pamela.Chepiga@AllenOvery.com'; 'Brandon.O'Neil@AllenOvery.com'; 'seancoffey78@gmail.com'
**Cc:** Simpson, Richard; Schultz, Christian; Fitzpatrick, Bridget; 'Allie.Cheatham@AllenOvery.com'
**Subject:** RE: SEC v. Tourre

Andrew,

I have spoken with Mr. Davidson about his willingness to accept service, as I am not his counsel. He advised that you can email a subpoena to him at andy@ad-co.com. Of course, this should not be taken as our agreement that Mr. Davidson can be called as a fact witness by you. To the contrary, we intend to raise that issue with the Court shortly.

We are available tomorrow for a scheduling call. Please propose a time.

Regards,
--Matt

**From:** Andrew.Rhys.Davies@allenovery.com [mailto:Andrew.Rhys.Davies@allenovery.com]
**Sent:** Tuesday, June 18, 2013 6:42 PM
**To:** Martens, Matthew; Pamela.Chepiga@AllenOvery.com; Brandon.O'Neil@AllenOvery.com; seancoffey78@gmail.com
**Cc:** Simpson, Richard; Schultz, Christian; Fitzpatrick, Bridget; Allie.Cheatham@AllenOvery.com
**Subject:** Re: SEC v. Tourre

Matt:

We raised with you several weeks ago whether you can facilitate our service of a trial subpoena on Andrew Davidson. Please would you let us know, failing which we will make our own arrangements tomorrow.

Please would you also let us know whether you are available tomorrow for the scheduling call referenced in Sean's email earlier this afternoon.

Regards,
Andrew

**From:** Martens, Matthew [mailto:MartensM@SEC.GOV]

**Sent:** Tuesday, June 18, 2013 05:43 PM
**To:** Davies, Andrew Rhys:LT (NY); Chepiga, Pamela:LT (NY); O'Neil, Brandon:LT (NY); 'seancoffey78@gmail.com' <seancoffey78@gmail.com>
**Cc:** Simpson, Richard <SimpsonR@SEC.GOV>; Schultz, Christian <SchultzC@SEC.GOV>; Fitzpatrick, Bridget <FitzpatrickBr@SEC.GOV>
**Subject:** SEC v. Tourre

Counsel,

Please note that hard copies of the SEC's motions *in limine* filed yesterday and today were or are being delivered to your offices, as set forth in the certificates of service, in accordance with Federal Rule of Civil Procedure 5(b)(2)(B).

Regards,
--Matt

Matthew T. Martens
Chief Litigation Counsel
U.S. Securities and Exchange Commission
   Division of Enforcement
100 F Street, NE
Washington, DC 20549
(202) 551-4481

---

The foregoing e-mail may contain US tax advice. If so, please read the following carefully:

Unless otherwise expressly stated in the foregoing message, this advice was not intended or written to be used, and cannot be used, by any person for the purpose of avoiding US federal tax-related penalties that may be imposed with respect to the matters addressed. Some of this advice may have been written to support the promotion or marketing of the transactions or matters addressed to persons other than our client. For such advice, be advised that the advice was written to support the promotion or marketing of the transaction(s) or matter(s) addressed and if you are a person other than our client, you should seek advice based on your particular circumstances from an independent tax advisor. In addition, unless expressly stated to the contrary in the foregoing message, nothing herein shall be construed to impose a limitation on disclosure by any person of the tax treatment or tax structure of any transaction that is addressed herein.

---

This email is confidential and may also be privileged. If you are not the intended recipient please delete it and notify us immediately by telephoning or e-mailing the sender. You should not copy it or use it for any purpose nor disclose its contents to any other person.

Allen & Overy LLP
1221 Avenue of the Americas
New York, New York 10020
Tel: 212 610 6300
Fax: 212 610 6399
http://www.allenovery.com

Allen & Overy LLP is a limited liability partnership registered in England and Wales with registered number

OC306763. It is authorised and regulated by the Solicitors Regulation Authority of England and Wales. Allen & Overy LLP is a multi-jurisdictional legal practice with lawyers admitted to practice in a variety of jurisdictions. The term partner is used to refer to a member of Allen & Overy LLP or an employee or consultant with equivalent standing and qualifications. A list of the members of Allen & Overy LLP and of the non-members who are designated as partners is open to inspection at its registered office, One Bishops Square London E1 6AD and at the above address.

For further information about how Allen & Overy LLP is regulated, please see our website at www.allenovery.com/aoweb/legal