UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SECURITIES AND EXCHANGE COMMISSION,

                      Plaintiff,

              v.

FABRICE TOURRE,

                      Defendant.

10 Civ. 3229 (KBF)

ECF Case

---

**SEC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH TOURRE'S RULE 45 SUBPOENA SEEKING PRODUCTION OF LAW ENFORCEMENT PRIVILEGE MATERIALS THAT THE COURT ALREADY RULED TOURRE COULD NOT OBTAIN**

Plaintiff U.S. Securities and Exchange Commission (the "SEC") respectfully submits this memorandum of law in support of its motion to quash the trial subpoena that defendant Fabrice Tourre served on the SEC seeking production of irrelevant Wells[1] materials that are protected from discovery by the law enforcement privilege and that the Court already ruled Tourre could not discover. For the reasons stated below, the Court should grant the SEC's motion.

## PRELIMINARY STATEMENT

On May 21, 2013 – two years after the close of domestic fact discovery, three months after the close of all discovery, and two months before trial – Tourre moved the Court to reopen fact discovery and order the SEC to produce investigative and Wells materials that may relate to a former ACA employee, Laura Schwartz, and another ACA colleague, and their involvement with an investment that is at issue in an unrelated investigation by the SEC's New York Regional

---

[1] A Wells notice is used by the SEC staff to notify a person of the general nature of an investigation and potential charges that may be brought and to invite a response thereto. *See* 17 C.F.R. § 202.5(b). A Wells notice may state that "the Division intends to recommend that the Commission file an action or proceeding against" a person. SEC Enforcement Manual at 22 (*available at* http://www.sec.gov/divisions/enforce/ enforcementmanual.pdf). Alternatively, a Wells notice may state that "the Division is considering recommending…that the Commission file an action or proceeding." *Id.*

Office ("NYRO").[2]  The SEC opposed Tourre's request, arguing in part that the requested materials were not only irrelevant to the present matter but also were protected from disclosure by the law enforcement privilege.  On June 4, 2013, the Court denied Tourre's request as untimely, finding the materials were not relevant to the present matter and "would create confusion with the jury and risk the creation of a trial within a trial," and that "Federal Rule of Evidence 403 also support[ed] the . . . denial of the discovery request." Dkt. 303 at 2.

Flouting the Court's prior ruling, Tourre served the SEC with a subpoena pursuant to Rule 45 of the Federal Rules of Civil Procedure, demanding that the SEC produce at trial certain investigative materials that may relate to Ms. Schwartz – Wells notices, Wells submissions, white papers, investigative testimony transcripts, and statute of limitations tolling agreements[3] (*see* Trial Subpoena (Ex. 1)) – in other words, the very materials that the Court ruled the SEC need not produce and which remain protected by the law enforcement privilege.  Moreover, Tourre has gone so far as to subpoena simultaneously from Ms. Schwartz – a party who lacks standing to assert the law enforcement privilege – the privileged materials at issue that the Court previously ruled are irrelevant and inadmissible.  The Court should reject Tourre's effort to make an end-run around the Court's prior ruling that the materials are irrelevant and inadmissible under Rule 403, confirm that the subpoenaed materials are protected from disclosure by the law enforcement privilege, and quash Tourre's trial subpoena.

---

[2]   Tourre also sought production of Wells materials concerning another former ACA employee, but those materials are not encompassed by the trial subpoena at issue in this motion.

[3]   Although the SEC does not assert the law enforcement privilege over tolling agreements, Tourre never previously requested such documents.  On that basis alone, his request for them is untimely. Dkt. 303 at 2; *see infra* Section I.  Furthermore, the SEC objects to their possible admission into evidence, and to their production pursuant to a trial subpoena, on grounds of relevance, undue prejudice and confusion of the jury. Fed. R. Evid. 401, 403.

**ARGUMENT**

I.   **The Court Should Preclude Tourre From Making An End-Run Around The Court's Prior Ruling Precluding Discovery Of The Wells Materials.**

Tourre seeks to obtain through his Rule 45 subpoena that which the Court already precluded him from obtaining when it rejected his effort to re-open discovery and compel the SEC to produce investigative materials that may relate to Ms. Schwartz. "Subpoenas under Rule 45 are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34." *Burns v. Bank of America*, No. 03 Civ. 1685(RMB)(JCF), 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007) (quashing Rule 45 subpoena that demanded production of materials previously sought during discovery); *see also Pasternak v. Dow Kim*, No. 10 Civ. 5045 (LTS)(JLC), 2013 WL 1729564, at *1 (S.D.N.Y. Apr. 22, 2013) (rejecting post-discovery Rule 45 subpoena; "Rule 45 subpoenas have been held generally to constitute discovery, and, therefore, are subject to the same time constraints that apply to all of the other methods of formal discovery." (internal quotation marks omitted)); *Dodson v. CBS Broadcasting, Inc.*, No. 02 Civ. 9270 (KMW)(AJ), 2005 WL 3177723, at *1 (S.D.N.Y. Nov. 29, 2005) (rejecting motion to enforce post-discovery Rule 45 subpoena; "[T]he court will not allow the parties to engage in discovery through trial subpoenas."); *Mortgage Info. Servs., Inc. v. Kitchens*, 210 F.R.D. 562, 566 (W.D.N.C. 2002) (quoting 7 Moore et al., *Moore's Federal Practice* § 34.03[2][a] (3d ed. 1997), stating that, "[a]lthough Rule 45 is not limited by its terms to nonparties, it should not be used to obtain pretrial production of documents or things, or inspection of premises, from a party in circumvention of discovery rules or orders").

As this Court previously ruled, the materials that Tourre now seeks are not relevant to the present matter and "would create confusion with the jury and risk the creation of a trial within a trial," and the "Federal Rule of Evidence 403 also supports the Court's denial of [Tourre's] discovery request." Dkt. 303 at 2. The Court should not countenance Tourre's effort to nullify

3

the Court's prior ruling by the transparent expedient of a Rule 45 subpoena. *Burns*, 2007 WL 1589437, at *14; *Pasternak*, 2013 WL 1729564, at *1; *Dodson*, 2005 WL 3177723, at *1.

The Court instructed the defense that, if the issue of the Wells materials were re-raised in Ms. Schwartz's trial testimony, the defense should "be as granular as possible" in advance with regard to the particular questions that would be asked of Ms. Schwartz. (June 10, 2013 Hearing Tr. at 39, 42). To date, the defense has not provided either the SEC or the Court with any specifics. Instead, the defense seeks simply to revisit this Court's prior ruling regarding the Wells materials in hope of a better answer the second time. The Court's prior ruling that these materials are irrelevant and confusing was correct, and there is no reason to revisit it.

**II.   Tourre Seeks Materials That Are Protected From Disclosure By The Law Enforcement Privilege.**

Tourre's Rule 45 subpoena seeks to compel the SEC to produce at trial investigative materials that are protected from disclosure by the law enforcement privilege. Rule 45 provides that the Court "must" quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. Proc. 45(c)(3)(A)(iii). Because there has been no waiver and no exceptions apply, the Court should grant the SEC's motion and quash Tourre's subpoena.

The Second Circuit set forth the standard for the law enforcement privilege in *In re City of New York*, 607 F.3d 923 (2d Cir. 2010). The purpose of the law enforcement privilege "is 'to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witnesses and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation.'" *Id*. at 940-41 (quoting *In re Dep't of Investig.*, 856 F.2d 481, 484 (2d Cir. 1988), and citing *United States v. Amodeo*, 44 F.3d 141, 147 (2d Cir. 1995)). "The law enforcement privilege is related to, and indeed an outgrowth of, the executive privilege long recognized at

common law" and "shares with those [privileges] typically labeled 'executive' a justification rooted in the need to minimize disclosure of documents whose revelation might impair the necessary functioning of a department of the executive branch." *Id*. at 941 n.18 (quoting *Black v. Sheraton Corp. of Am.*, 564 F.2d 531, 541-42 (D.C. Cir. 1977)).

Here, as the SEC previously argued, the general rule is that materials pertaining to non-public SEC investigations are considered confidential. *See* 17 C.F.R. §§ 203.2, 203.5. The policy reasons for this confidentiality are obvious. The Commission, speaking through its Secretary, has formally invoked the law enforcement privilege over the Wells materials sought by Tourre, (May 24, 2013 Declaration of Elizabeth Murphy, SEC Secretary (Ex. 2)), which relate to an ongoing SEC investigation of a CDO transaction other than ABACUS 2007-AC1. *See In re United Telecomm., Inc. Sec. Litig.*, 799 F. Supp. 1206, 1209 (D.D.C. 1992) (files regarding an ongoing SEC investigation are protected by law enforcement privilege). The SEC must be free to conduct wide-ranging investigations, and public disclosure of an SEC investigation of a person or entity could interfere with the investigation and impair the reputational interests of those involved.[4] As the courts have recognized, "the mention of an individual's name in a law enforcement file will engender comment and speculation and carries a stigmatizing connotation." *Garcia v. U.S. Dep't of Justice, Office of Info. and Privacy*, 181 F. Supp. 2d 356, 371 (S.D.N.Y. 2002) (internal quotation marks omitted). Moreover, disclosure of the materials sought by Tourre would "otherwise interfere with an investigation." *City of New York*, 607 F.3d at 944; *see also, e.g.*, *Frankel v. S.E.C.*, 460 F.2d 813, 817-18 (2d Cir. 1972) (holding that the "possibility" of disclosing names of individuals who contributed information

---

[4] Tourre previously argued that Ms. Schwartz made a required FINRA filing referencing receipt of a Wells notice from the SEC, but her required public disclosure does not eliminate the SEC's continued law enforcement interest in avoiding official confirmation of ongoing investigations or Wells notices on privacy grounds. *CREW v. U.S. Dep't of Justice*, 846 F. Supp. 2d 63, 72-73 (D.D.C. 2012) (holding that public disclosure of the <u>fact</u> of an investigation does not eliminate the privacy interest in the <u>substance</u> of the investigation).

during the course of an investigation "would tend severely to limit the agencies' possibilities for investigation and enforcement of the law since these agencies rely, to a large extent, on voluntary cooperation and on information from informants.").

According to the Second Circuit, there is a "strong presumption against lifting the [law enforcement] privilege" because "control of criminal investigations is the prerogative of the executive branch, subject to judicial intervention only to protect rights." *City of New York*, 607 F.3d at 944, 945 n.22 (quoting *Dellwood Farms, Inc. v. Cargill, Inc.*, 128 F.3d 1122, 1126 (7th Cir. 1997)).  To rebut the presumption against lifting the privilege, "the party seeking disclosure must show (1) that its suit is 'non-frivolous and brought in good faith,' (2) that 'the information sought is [not] available through other discovery or from other sources,'[5] and (3) that the information sought is 'importan[t]' to the party's case." *Id*. at 945 (citing *Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1343 (D.C. Cir. 1984)).  More specifically, the party must "show a compelling need" that "outweigh[s] the public's interest in maintaining their secrecy." *Id*. at 944 (citations and internal quotations omitted).

Tourre cannot show that the investigative materials sought by the Rule 45 subpoena have any importance to his case, much less that he has a "compelling need" for these materials.  Ms. Schwartz has been subpoenaed to trial by both the defense and the SEC.  Neither the fact of a Wells notice nor the content of a Wells submission would be a proper basis for impeachment.  As an initial matter, a Wells notice to the effect that the SEC "is considering whether to recommend that the Commission initiate action," and inviting a written submission, is not even an allegation of misconduct, much less a conclusion that misconduct occurred.  In the criminal context, a formal allegation of fraud in an indictment is not a proper basis for challenging a witness's veracity on cross-examination.  *See Price v. Thurmer*, 514 F.3d 729, 731-32 (7th Cir.

---

[5] Tourre has subpoenaed the same material directly from Ms. Schwartz.  Tourre's effort to use a Rule 45 trial subpoena to seek discovery from Ms. Schwartz is no more appropriate than is Tourre's effort to seek discovery from the SEC, *see supra* Section I.

2008) (holding that indictment for fraud provides no basis for cross-examination absent a conviction).  For similar reasons, the mere issuance of a Wells notice provides no proper basis for impeachment.

Allowing cross-examination of Ms. Schwartz on an unrelated CDO transaction would be more prejudicial than probative because it would amount to a mini-trial over the other transaction.  *See United States v. Ferguson*, 246 F.R.D. 107, 116 (D. Conn. 2007) (excluding, under Rule 403, evidence of another allegedly fraudulent transaction because it "risks creating a trial within a trial").  At the same time, cross-examination regarding recent Wells notices would not be particularly instructive in establishing the potential motive of Ms. Schwartz to shade her trial testimony in favor of the SEC given that she gave testimony and was deposed with regard to the events at issue in *this* lawsuit years before any Wells notices were issued.  Accordingly, the defense can show no "compelling need" for the investigative and Wells materials from an unrelated CDO investigation, much less one that "outweigh[s] the public[] interest in maintaining their secrecy" that is embodied in the law enforcement privilege asserted by the SEC.  *City of New York*, 607 F.3d at 944.

**CONCLUSION**

For the foregoing reasons, the Court should reject the effort by Tourre to make an end-run around the Court's prior ruling precluding him from discovering Wells materials that are irrelevant to this matter and inadmissible under Rule 403, and otherwise protected from discovery by the law enforcement privilege.

Dated:  June 26, 2013                                               Respectfully submitted,

*Christian D. H. Schultz*
Matthew T. Martens
Richard E. Simpson
Christian D. H. Schultz
Bridget Fitzpatrick
Attorneys for Plaintiff
U.S. Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549
(202) 551-4740 (Schultz)
(202) 772-9292 (fax)
schultzc@sec.gov

**CERTIFICATE OF SERVICE**

I certify that on June 26, 2013, I directed the foregoing SEC'S MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH TOURRE'S RULE 45 SUBPOENA SEEKING PRODUCTION OF LAW ENFORCEMENT PRIVILEGE MATERIALS THAT THE COURT ALREADY RULED TOURRE COULD NOT OBTAIN to be filed using the CM/ECF system, which will send notification of such filing to the following email addresses:

Pamelachepiga@allenovery.com
Pamela Rogers Chepiga
Allen & Overy LLP
1221 Avenue of the Americas
New York, New York 10020

seancoffey78@gmail.com
John Patrick Coffey
Law Office of John P. Coffey
1350 Avenue of the Americas, 2d Floor
New York, New York 10019

Attorneys for defendant Fabrice Tourre


/s/ *Christian D. H. Schultz*
Christian D. H. Schultz