UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x
:
SECURITIES AND EXCHANGE :
COMMISSION, :   Civil Action
:   No.: 10-cv-3229 (KBF)
            Plaintiff, :
:   <u>ELECTRONICALLY FILED</u>
        v. :
:
FABRICE TOURRE, :
:
            Defendant. :
------------------------------------x

**MEMORANDUM OF LAW OF FABRICE TOURRE IN OPPOSITION TO
THE SEC'S MOTION *IN LIMINE* TO PRECLUDE
EVIDENCE OR ARGUMENT ABOUT OTHER LITIGATION**

 

Pamela Rogers Chepiga
Andrew Rhys Davies
Brandon D. O'Neil
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, New York  10020
(212) 610-6300

John P. Coffey
Law Office of John P. Coffey
1350 Avenue of the Americas, 2nd Floor
New York, New York  10019
(646) 790-8988

*Attorneys for Fabrice Tourre*

Dated:  June 28, 2013
           New York, New York

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ...............................................................................................1

LEGAL STANDARD ................................................................................................................2

ARGUMENT..............................................................................................................................2

I. THE CIFG COMPLAINT IS NOT HEARSAY UNLESS OFFERED TO
 PROVE THE TRUTH OF ITS ALLEGATION.................................................................2

II. EVIDENCE REGARDING THE CIFG LAWSUIT IS NEITHER
 PREJUDICIAL NOR CONFUSING..................................................................................3

III. THE SEC HAS OFFERED NO RATIONAL BASIS FOR EXCLUSION
 OF EVIDENCE RELATING TO "ANY OTHER" LITIGATION......................................5

CONCLUSION...........................................................................................................................5

# TABLE OF AUTHORITIES

## CASES

*Arlio v. Lively,*
  474 F.3d 46 (2d Cir. 2007)..................................................................................................4

*Chapple v. Fahnestock & Co., Inc.,*
  No. 03-4989, 2010 WL 3118638 (E.D.N.Y. Aug. 5, 2010) ..................................................4

*Gaffney v. Dept. of Information Tech. & Telecomm.,*
  579 F. Supp. 2d 455 (S.D.N.Y. 2008)..................................................................................4

*National Union Fire Ins. Co. of Pittsburgh, Pa v. L.E. Meyers Co. Grp.*
  937 F. Supp. 276 (S.D.N.Y. 1996) ......................................................................................2

*Richmond v. Gen'l Nutrition Ctrs. Inc.,*
  No. 09 Civ. 3577(PAE)(HBP), 2012 WL 762307 (S.D.N.Y. Mar. 9, 2012).....................2, 4

*Rivera v. Metro. Transit Auth.,*
  750 F. Supp. 2d 456 (S.D.N.Y. 2010)..................................................................................3

*United States v. Dupree*,
  706 F.3d 131 (2d Cir. 2013)................................................................................................2

*United States v. Paredes*,
  176 F. Supp. 2d 179 (S.D.N.Y. 2001).................................................................................2

*Violette v. Armonk Assocs., L.P.,*
  849 F. Supp. 923 (S.D.N.Y. 1994) .....................................................................................3

## RULES

Fed. R. Evid. 403...................................................................................................................3

Fed. R. Evid. 801...................................................................................................................3

ii

Fabrice Tourre respectfully submits this memorandum of law in opposition to the SEC's Motion *In Limine* to Preclude Evidence or Argument About Other Litigation.

## **PRELIMINARY STATEMENT**

The SEC has proffered Ira Wagner to testify, as an impartial expert, on the propriety of representations made to investors in connection with the ABACUS 2007-AC1 transaction ("AC1"), which the SEC alleges were fraudulent because they omitted to describe the participation of a short investor in the selection of AC1's reference portfolio. As detailed in the *Daubert* motion to exclude his testimony, Wagner's expert qualifications are predicated upon his prior experience as head of failed investment bank Bear Stearns' global CDO group, where Wagner supervised the structuring and issuance of several synthetic CDO transactions of a type similar to AC1.

Investors in two of those synthetic CDO transactions structured by Wagner and his team have now sued Bear's successor-in-interest alleging, among other things, that Bear committed fraud in connection with those transactions by omitting to disclose that Bear influenced the two CDOs' collateral managers—one of which was ACA Management L.L.C. ("ACA")—to adversely select the CDOs' reference portfolios so that Bear could profit from its short position in the CDO transactions.

As head of the group responsible for the structuring and sale of those two transactions, Wagner may be a key witness in that litigation or even a defendant in an amended pleading. It is reasonable to anticipate, as such, that Wagner's testimony at trial in this case may be influenced by the fact of that other lawsuit's existence, and by the fact that the allegations in that lawsuit's complaint (the "CIFG complaint") raise questions of liability that directly implicate Wagner's proposed testimony in this case. Mr. Tourre is thus entitled to explore, on cross, whether the existence of that lawsuit has influenced Wagner's testimony at trial.

The SEC argues that the CIFG complaint should be excluded *in limine* as inadmissible hearsay, and further that any mention of the CIFG lawsuit should be precluded

because it would be unduly prejudicial and confusing to the jury.  *See* SEC's Memorandum In Support Of Its Motion *In Limine* To Preclude Evidence Or Argument About Other Litigation ("SEC Br.") at 3-5.  But the authority cited in the SEC's own brief establishes that the CIFG complaint would be hearsay only if offered to prove the truth of its allegations—something Mr. Tourre does not propose to do.  Moreover, the cases the SEC cites to suggest that this evidence would confuse the jury address only evidence regarding other lawsuits that involve parties to the case at bar.  There is no risk of similar confusion here, as the CIFG lawsuit involves entirely different parties and different transactions than those at issue in this litigation.  *In limine* exclusion of this evidence would therefore be inappropriate and premature, and the SEC's motion should be denied.

## LEGAL STANDARD

*In limine* exclusion is premature, and rulings on admissibility should be deferred until trial, where evidence, inadmissible for some purposes, could be admitted in other, appropriate factual contexts.  *National Union Fire Ins. Co. of Pittsburgh, Pa v. L.E. Meyers Co. Grp.*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996).

## ARGUMENT

I.  **THE CIFG COMPLAINT IS NOT HEARSAY UNLESS OFFERED TO PROVE THE TRUTH OF ITS ALLEGATIONS**

As the SEC acknowledges, Federal Rule of Evidence 801(c) provides that out-of-court statements are hearsay only when "offer[ed] into evidence to prove the truth of the matter asserted."  SEC Br. at 3.  By contrast, out-of-court statements offered for other purposes are generally admissible, and an out-of-court statement offered "to show its effect on the listener is not hearsay."  *United States v. Dupree*, 706 F.3d 131 (2d Cir. 2013) (admitting another court's order for non-hearsay purpose).

The cases relied upon by the SEC, cited to support the proposition that complaints from other lawsuits are categorically hearsay, are not to the contrary.  *See Richmond v. Gen'l Nutrition Ctrs. Inc.*, No. 09 Civ. 3577(PAE)(HBP), 2012 WL 762307, *9 (S.D.N.Y.

Mar. 9, 2012) (excluding pleadings from prior racial discrimination cases "[i]f offered to prove the fact of racial discrimination"); *Rivera v. Metro. Transit Auth.*, 750 F. Supp. 2d 456, 461 (S.D.N.Y. 2010) (statement from previous case would be inadmissible "when offered to prove the truth of that statement").

        Mr. Tourre does not propose to offer the CIFG complaint to prove the truth of its allegations, which would have no bearing on the issues in this case.  Nonetheless, the fact of that lawsuit's existence may exert some influence on how Wagner testifies at trial in this matter.  The SEC seeks to discount that possibility by pointing out that, at the time of Wagner's deposition in February of this year, Wagner had not yet been contacted by either party to that litigation as part of the discovery process.  The case's docket sheet reflects, however, that there is presently a motion to stay discovery while the case is reassigned to another judge, and the fact that Wagner had not yet been contacted in February does not mean that he has not been contacted since or that he will not be contacted in the future, when discovery in that matter begins.  Given the emphasis the SEC ascribes to lack of contact, Mr. Tourre notes the curious absence of an affidavit from Wagner confirming the absence of any contact since February.

        In light of the non-hearsay uses of the CIFG complaint, the question of admissibility should be deferred until Mr. Tourre actually offers the CIFG complaint at trial.  *See Violette v. Armonk Assocs., L.P.,* 849 F. Supp. 923, 931 (S.D.N.Y. 1994) (*in limine* exclusion of statement was premature where it remained unclear, prior to trial, whether probative value outweighed potential prejudice, and for what purpose statement would be introduced.)

## II. EVIDENCE REGARDING THE CIFG LAWSUIT IS NEITHER PREJUDICIAL NOR CONFUSING

        The SEC also argues that, in addition to the CIFG complaint, any mention of the CIFG lawsuit should be precluded under Federal Rule of Evidence 403 because introduction of that evidence would be "unduly prejudicial" and would "confuse and mislead" the jury.  But the SEC's motion fails to identify what prejudice it is the SEC would supposedly suffer.  Further, the

cases it cites do not support the argument that such evidence, if offered in connection with an expert witness who is not a party to the case, would potentially confuse the jury.

Each case cited by the SEC states only that confusion may be caused when introducing evidence of prior litigation involving "one or both of the parties" to the litigation. *See Richmond v. Gen. Nutritional Ctrs. Inc.*, No. 08 Civ. 2577, 2012 WL 762307 (S.D.N.Y. Mar. 9, 2007) (excluding pleadings from prior discrimination lawsuits against same defendant); *Gaffney v. Dept. of Information Tech. & Telecomm.*, 579 F. Supp. 2d 455, 459 (S.D.N.Y. 2008) (excluding pleading from prior, similar lawsuit by same plaintiff); *Chapple v. Fahnestock & Co., Inc.*, No. 03-4989, 2010 WL 3118638 at *1 (E.D.N.Y. Aug. 5, 2010) (excluding evidence of prior discrimination lawsuits against same defendant). In those cases, the prior litigation involving one of the parties mirrored the issues in the case at bar. As the Second Circuit explains in *Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007), the identity of parties and issues between the two sets of litigation may cause "the merits of the other case [to become] inextricably intertwined with the case at bar" in the minds of the jurors, thus necessitating, in some cases, exclusion under Rule 403.

There is no risk of similar confusion here. The CIFG litigation does not involve any of the parties to this litigation, and does not involve the transaction at issue in this case. Wagner has not been offered as a fact witness and thus plays no role in the factual narrative of this case. To argue, as the SEC does, that this evidence may cause the jury to become too confused to distinguish between the CIFG lawsuit and this one is farfetched. Moreover, to the extent the Court perceives at trial that introduction of too many details regarding the CIFG lawsuit may engender confusion, questioning may be limited as appropriate to the context. Accordingly, *in limine* exclusion of this evidence would be inappropriate and premature, and inconsistent with the principal that parties should be permitted broad latitude in the cross-examination of their opponent's experts, particularly in exploring potential bias and the bases for the testimony offered. *See Blue Cross and Blue Shield of New Jersey, Inc. v. Philip Morris, Inc.*, 141 F. Supp. 2d 320, 324-25 (E.D.N.Y. 2001) (J. Weinstein) (collecting cases).

### III. THE SEC HAS OFFERED NO RATIONAL BASIS FOR EXCLUSION OF EVIDENCE RELATING TO "ANY OTHER" LITIGATION

In its motion papers the SEC does not identify or discuss any other litigation apart from the CIFG lawsuit, but nonetheless argues, in a parenthetical, that the Court should additionally preclude all evidence relating to "any other" lawsuits Mr. Tourre attempts to introduce. SEC Br. at 2. But the SEC fails to speculate as to the purpose for which such evidence might be offered, making a determination of potential admissibility impossible. The broad exclusion the SEC requests would be particularly inappropriate here, where the SEC has failed even to establish that evidence from the CIFG lawsuit would be inadmissible, much less that evidence of other lawsuits generally is categorically inadmissible. The SEC's request for *in limine* exclusion of evidence relating to "any other" lawsuit should therefore be disregarded as overly broad and lacking in any rational basis.

### CONCLUSION

For all the foregoing reasons, Fabrice Tourre respectfully requests that the Court deny the SEC's Motion *In Limine* To Preclude Evidence or Argument About Other Litigation.

Dated: June 28, 2013
      New York, New York

Respectfully submitted,

/s/ Pamela Rogers Chepiga
Pamela Rogers Chepiga
(pamela.chepiga@allenovery.com)
Andrew Rhys Davies
(andrew.rhys.davies@allenovery.com)
Brandon D. O'Neil
(brandon.o'neil@allenovery.com)

ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, New York  10020
(212) 610-6300

/s/ John P. Coffey
John P. Coffey
(seancoffey78@gmail.com)

LAW OFFICE OF JOHN P. COFFEY
1350 Avenue of the Americas, 2nd Floor
New York, New York  10019
(646) 790-8988

*Attorneys for Fabrice Tourre*