```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
                                           x
                                           :
SECURITIES AND EXCHANGE                    :
COMMISSION,                                :   Civil Action
                                           :   No.: 10-cv-3229 (KBF)
              Plaintiff,                   :
                                           :   ELECTRONICALLY FILED
       v.                                  :
                                           :
FABRICE TOURRE,                            :
                                           :
              Defendant.                   :
                                           :
                                           x
```

# MEMORANDUM OF LAW OF FABRICE TOURRE IN RESPONSE TO THE SEC'S MOTION *IN LIMINE* TO PRECLUDE EVIDENCE OR ARGUMENT PERTAINING TO THE SEC'S FAIR FUND DISTRIBUTION, OIG REPORT, INVESTIGATIVE STEPS, AND CHARGING DECISIONS

Pamela Rogers Chepiga
Andrew Rhys Davies
Brandon D. O'Neil
ALLEN & OVERY LLP
1221 Avenue of the Americas
New York, New York 10020
(212) 610-6300

John P. Coffey
LAW OFFICE OF JOHN P. COFFEY
1350 Avenue of the Americas, 2nd Floor
New York, New York 10019
(646) 790-8988

*Attorneys for Fabrice Tourre*

Dated: July 1, 2013
       New York, New York

## TABLE OF CONTENTS

        **Page**

PRELIMINARY STATEMENT ..................................................................................................1

ARGUMENT ...................................................................................................................................1

I.     AS THE COURT HAS RECOGNIZED, THE SEC'S CHARGING DECISIONS WITH RESPECT TO GOLDMAN NEED TO BE ADDRESSED......................................1

II.    MR. TOURRE RESERVES THE RIGHT TO SEEK LEAVE TO ADDRESS THE EMBARGOED TOPICS SHOULD THE SEC OPEN THE DOOR..........................2

        A.    The SEC's Denial of a Fair Fund Payment to ACA will be Highly Relevant if the SEC Asserts that ACA was a Victim of Mr. Tourre's Alleged Fraud................................................................................................3

        B.    Absent the SEC Opening the Door, Mr. Tourre will Not Raise the Other Embargoed Topics .........................................................................................5

Defendant Fabrice Tourre respectfully submits this memorandum of law in response to the SEC's motion *in limine* to preclude evidence or argument pertaining to the SEC's decision not to make a Fair Fund distribution to ACA, the fact that two Commissioners voted against filing this action, the report on the SEC Inspector General's investigation undertaken after a prominent House chairman raised questions about the timing of the litigation against Goldman Sachs & Co. ("Goldman") and Mr. Tourre, and the SEC's various investigative missteps in this matter (together, the "Embargoed Topics"), as well as the charging decisions the SEC made in this action.

## PRELIMINARY STATEMENT

The SEC's moving papers evince an understandable sensitivity to the unique circumstances relating to how and why this law enforcement agency initiated and pursued this action. As explained below, with the exception of the SEC's charging decisions (addressed in Point I below), Mr. Tourre does not intend to allude to the Embargoed Topics that the SEC would prefer not be aired before the jury, *provided* that the SEC does not open the door and invite a response that would fairly allude to one or more of such matters (*see* Point II).

## ARGUMENT

**I.   AS THE COURT HAS RECOGNIZED, THE SEC'S CHARGING DECISIONS WITH RESPECT TO GOLDMAN NEED TO BE ADDRESSED**

Although the SEC argues that its charging decisions with respect to "other participants in the GS&Co fraud" are "irrelevant," (ECF No. 330 (SEC Mem. of Law in Support of Mot. to Preclude ("SEC Br.")) at 11), the Court has recognized that "[w]e will need as a group collectively to decide how to deal with the fact that Goldman Sachs was named as a defendant and is no longer a defendant." *See* Declaration of John P. Coffey ("Coffey Decl."), Ex. 1 (June 10, 2013 Hr'g Tr.), at 24-25. Clarity on this topic is even more imperative given the SEC's

pursuit of aiding and abetting claims against Mr. Tourre, meaning that the SEC will be attempting to prove that Goldman itself committed a primary violation of Section 10(b) and Rule 10b-5.

Mr. Tourre proposes that this elephant in the room be resolved with the following instruction after the jury has been empanelled:

> You are instructed that when the Complaint was originally filed in this case, the SEC brought claims against both Mr. Tourre and Goldman, Sachs & Co. The SEC's case against Goldman, Sachs has since been resolved, and Goldman, Sachs is no longer a defendant in this case. You are not to speculate as to why Goldman is no longer in this lawsuit, and I instruct you that neither the fact that Goldman, Sachs was originally named as a defendant in this case, nor the fact that Goldman, Sachs is no longer in this case is relevant to the SEC's claims against Mr. Tourre.

This instruction resolves for the jury the key question of Goldman's absence as a party, yet continues to exclude the settlement amount and highly prejudicial statements the SEC had extracted from Goldman as part of the settlement, all of which the SEC agreed should not be admitted at trial.

This proposal would identify Goldman and Mr. Tourre as the only two defendants sued by the SEC. Where, as here, the SEC has sued Mr. Tourre on an aiding and abetting charge (and as of this filing still presses its unpleaded "scheme" theory), the fact that the SEC charged no other Goldman individual is highly relevant to the question of whom Mr. Tourre is alleged to have conspired with or aided and abetted. The proposed instruction appropriately balances the various concerns with regard to who was and was not named in this lawsuit.

## II.   MR. TOURRE RESERVES THE RIGHT TO SEEK LEAVE TO ADDRESS THE EMBARGOED TOPICS SHOULD THE SEC OPEN THE DOOR

Mr. Tourre agrees not to make reference to the Embargoed Topics, and consents to an order *in limine* barring such reference, but reserves the right to seek leave of the Court to

revisit this issue should the SEC introduce evidence or make an argument that fair play dictates merits a response. As discussed below, absent the Court's guidance there is tangible concern that the SEC will trip over such a wire.

### A. The SEC's Denial of a Fair Fund Payment to ACA will be Highly Relevant if the SEC Asserts that ACA was a Victim of Mr. Tourre's Alleged Fraud

When the SEC distributed "Fair Fund" proceeds from Goldman's settlement to those whom the SEC judged to be "victims" of the fraud alleged in this lawsuit, it paid ACA nothing. *See* ECF No. 25 (Final Judgment) § 2. This affirmative choice by the SEC clearly evinced an understanding that ACA was no victim here. The SEC now seeks relief from its prior admission, claiming that Mr. Tourre cannot demonstrate relevance because, according to the SEC, its decision to make Fair Fund distributions is "entirely discretionary and involves policy judgments," so that its decision not to treat ACA as a victim is "not necessarily" probative of its view of whether ACA actually was a victim. *See* SEC Br. at 8. It is just not that simple.

Although the SEC has discretion to determine whether settlement proceeds should be disbursed to victims in a particular case, once it makes a determination, as it did here, its distribution plan must be able to withstand a "fair and reasonable" standard of judicial review. *See Official Comm. of Unsecured Creditors of WorldCom, Inc. v. SEC*, 467 F.3d 73, 82-84 (2d Cir. 2006). Thus, contrary to the SEC's contention, it by no means had untrammeled discretion to omit ACA from the Fair Fund distribution. From the SEC's failure to treat ACA as a victim would have been treated, the jury could properly draw the inference that the SEC well understood that ACA could not "fair[ly] and reasonabl[y]" be classified as a victim.

It bears recalling when and why the SEC first adopted the position that ACA was a "victim." The original complaint filed on April 10, 2010 (ECF No. 1) rested on transactions allegedly entered into by IKB and ABN. It was only when, following the Supreme Court's

3

decision in *Morrison v. National Australia Bank, Ltd.*, 130 S.Ct. 2869 (2010), Mr. Tourre moved for judgment on the pleadings on the ground that those transaction were foreign, that the SEC filed an Amended Complaint, asserting claims arising from ACA's purchase of ABACUS 2007-AC1 ("AC1") notes, in a transparent attempt to plead a domestic securities transaction. ECF No. 44 (Am. Compl. filed Nov. 22, 2011) ¶ 71. At argument on Mr. Tourre's motion to dismiss the Amended Complaint, in response to probing by the Court as to whether it was plausible that ACA really believed that Paulson was an equity investor, the SEC's Deputy Director of Enforcement admitted: "We are not saying and we have never said that ACA was completely without fault here." Coffey Decl. Ex. 2 (Feb. 14, 2011 Argument Tr.) at 38:19-20.

        The SEC notes that it claims that ACA was a victim of a different alleged misstatement (that Paulson was buying the equity) than that allegedly made to ABN and IKB (that ACA selected the reference portfolio). *See* SEC Br. at 8. However, the SEC does not represent that this distinction, in fact, explains why ACA was paid no Fair Fund monies. Nor does the SEC explain how that distinction could withstand a "fair and reasonable" standard of review, if the SEC actually believed that ACA was a victim of the misstatement alleged.

        The SEC insists that if Mr. Tourre introduces evidence of the SEC's Fair Fund determination that ACA was not a victim, then he will open the door to the Goldman settlement. *See* SEC Br. at 8. To the contrary, it is the SEC that will open the door to its Fair Fund decision if it argues to the jury that ACA was a victim. It would be enormously unjust to allow the SEC to take that position, and then require Mr. Tourre either to say nothing, or to respond under threat of an argument that he has opened the door to the particulars of the Goldman settlement.

        In informal talks to resolve this particular issue, the SEC's counsel indicated that while the SEC would assert that ACA had been misled, it did not intend to call ACA a "victim"

and thus Mr. Tourre's concerns were unfounded.[1]  While that approach would be acceptable if abided, the SEC continues to characterize ACA as a "victim."  S*ee, e.g.,* ECF No. 313 (SEC's Consol. Resp. to Tourre's Mot. Concerning the Financial Crisis) at 2.

The SEC cannot have it both ways.  Accordingly, Mr. Tourre respectfully requests that the Court establish a bright line to ensure that the SEC does not characterize ACA as a "victim," on pain of reviving Mr. Tourre's right to raise with the Court appropriate ameliorative steps, including reference to the SEC's decision not to consider ACA a victim for purposes of what could perhaps be safely and accurately labeled an unidentified administrative purpose.

### B. Absent the SEC Opening the Door, Mr. Tourre will Not Raise the Other Embargoed Topics

Rare is the SEC enforcement action that is pursued over the dissent of two Commissioners; is initiated just prior to Congressional hearings at which the SEC's lax enforcement of the markets is expected to be severely criticized; is filed without notice to defendants in violation of agency rules and during market hours, with predictable tumult and the concomitant loss of billions of dollars in the financial sector's market capitalization; prompts an Inspector General's investigation; and has one part of the Staff fail to tell another part about tens of thousands of recordings which contain evidence that—as will be shown at trial—flatly refutes the testimony of witnesses on whose word this case was based.  Unfortunately, this is that rare action.

Mr. Tourre has no intent to raise any of these matters.  But his forebearance rests on the expectation that the SEC will not seek to bolster its standing or inflate the supposed

---

[1] This discussion took place after the conference on Friday, June 14, not the June 10 conference as stated in the SEC brief at 6.  Mr. Tourre responded promptly the following day.

importance of this case with references that suggest in any way facts that are inconsistent with the history of this action.

There is one important caveat to the foregoing, which should not be viewed as inconsistent with the SEC's motion or Mr. Tourre's position in response thereto. The fact that the ACA tapes did not come to light in this action until the Fall of 2012 cannot be kept from the jury. Every fact deposition and investigative interview in this matter was taken before the surfacing of the tapes. That circumstance is of the SEC's making, not Mr. Tourre's, and the impact of the defense's anticipated cross-examination should not be diluted through the conjuring of some fiction.

## CONCLUSION

For all the foregoing reasons, Fabrice Tourre respectfully requests that the Court give the instruction proposed in Point I and enter an appropriate order that precludes the SEC from introducing evidence or argument that would fairly trigger Mr. Tourre's reference to one or more of the Embargoed Topics.

Dated: July 1, 2013
      New York, New York

                            Respectfully submitted,

                            /s/ Pamela Rogers Chepiga
                            Pamela Rogers Chepiga
                            (pamela.chepiga@allenovery.com)
                            Andrew Rhys Davies
                            (andrew.rhys.davies@allenovery.com)
                            Brandon D. O'Neil
                            (brandon.o'neil@allenovery.com)

                            ALLEN & OVERY LLP
                            1221 Avenue of the Americas
                            New York, New York  10020
                            (212) 610-6300


                            /s/ John P. Coffey
                            John P. Coffey
                            (seancoffey78@gmail.com)
                            LAW OFFICE OF JOHN P. COFFEY
                            1350 Avenue of the Americas, 2nd Floor
                            New York, New York  10019
                            (646) 790-8988

                            *Attorneys for Fabrice Tourre*